IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-2132 (RJL) |
| | ) |
| POTOMAC ELECTRIC POWER COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Potomac Electric Power Company ("Pepco") hereby submits its Reply in Support of its Motion to Dismiss.

## I.   INTRODUCTION

Plaintiff's Opposition fails to establish any basis for avoiding the dismissal of this case. In its motion to dismiss, Pepco demonstrated that Plaintiff's wrongful discharge claim should be dismissed because it suffers from fatal jurisdictional and procedural flaws and fails to state a claim for relief.  Pepco showed that Plaintiff's claim is:  (1) barred by the District of Columbia Workers' Compensation Act ("WCA"); (2) preempted by section 301 of the Labor Management Relations Act ("LMRA"); and (3) barred by the doctrine of collateral estoppel.  Pepco further showed that, even if the claim was not barred and preempted, Plaintiff failed to plead a claim for wrongful discharge.

Plaintiff fails in his opposition to address any of these arguments.  He altogether ignores Pepco's showing that his claim is barred by the WCA, section 301, and the doctrine of collateral estoppel, thereby conceding those arguments.  Additionally, he fails to cite any statute or public policy that could support his claim for wrongful discharge.  Indeed, Plaintiff cites *no* legal authority at all in his rambling opposition.  He merely repeats the bare facts alleged in his

Complaint and makes unsubstantiated and false accusations regarding the conduct of Pepco and its counsel, all of which have been repeatedly rejected by numerous tribunals over the past three years. Plaintiff therefore fails, yet again, to provide any grounds for asserting any claim against Pepco.

## II. ARGUMENT

### A. Plaintiff's Opposition Fails To Address Pepco's Firmly Established Grounds For Dismissal

Plaintiff's opposition does not even attempt to respond to Pepco's clear showing that his wrongful discharge claim is barred by the WCA and preempted by section 301. Consequently, Pepco's motion to dismiss should be granted.

#### 1. The Claim Is Barred By The WCA

In its memorandum, Pepco established that Plaintiff's common law tort claim for wrongful discharge should be dismissed because it is barred by the exclusivity provisions of the WCA. See Mem. at 3-5. As Pepco demonstrated, WCA is the *exclusive* remedy for employees who seek tort damages for injuries arising out of their employer's actions in disciplining or terminating them. Id. There is no question that Plaintiff's current claim of wrongful discharge, much like the claims dismissed by this Court in Ramey v. Potomac Elec. Power Co., 468 F. Supp. 2d 51 (D.D.C. 2006) (Leon, J.) ("Ramey I"), arises out of Pepco's actions in testing, disciplining and terminating Plaintiff, and, consequently, is barred by the WCA.

Plaintiff does not – and cannot – dispute this showing. Indeed, he does not even attempt to address it in his opposition. For this reason alone, Plaintiff's wrongful discharge claim should be dismissed.

## 2. Plaintiff's Claim Is Preempted By Section 301

Plaintiff also fails in his opposition to address Pepco's showing that his state law claim for wrongful discharge is preempted by section 301 of the LMRA. For this reason as well, his claim should be dismissed.

As Pepco demonstrated in its memorandum, section 301 preempts a state law claim when the resolution of essential elements of it will require the Court to interpret a CBA. See Mem. at 5-11. Plaintiff does not even attempt in his opposition to show that his wrongful discharge claim can be resolved without reference to or the interpretation of the CBA. Rather, if anything, his opposition further demonstrates that his claims are inextricably intertwined with the CBA. Plaintiff contends, for example, that, in addition to the numerous provisions of the CBA identified by Pepco, Article 19 of the CBA – Applicable Laws and Regulations – "is very important evidence for the court to make a decision" on his claim. Opp. ¶ 11. He also states that "Article 19 clearly states the company [sic] responsibility, pursuant to the law that was agreed upon by the [Union] and Pepco." Opp. ¶ 4.

Thus, as Plaintiff himself recognizes, his claim for wrongful discharge *cannot* be determined without reference to the CBA.[1]

### B. Plaintiff' Is, In Any Event, Collaterally Estopped From Asserting A Wrongful Discharge Claim

As demonstrated in Pepco's memorandum, Plaintiff's claim for wrongful discharge should be dismissed because the doctrine of collateral estoppel bars the re-litigation of any claim

---

[1] Moreover, Plaintiff fails to respond to Pepco's showing that his section 301 claim is time-barred. See Mem. at 10-11. Section 301 actions must be commenced within six months of an alleged breach of the CBA. Id. As Pepco established, Plaintiff's current action – which he filed nearly *three years* after any alleged breaches occurred – far exceeds this six month limitations period. His claim is therefore untimely and should be dismissed, even if this Court chooses to convert Plaintiff's state law claim into a section 301 claim.

challenging his alcohol testing or his subsequent discipline and termination.  See Mem. at 12-16.  Rather than respond to Pepco's showing, Plaintiff merely reasserts, yet again, the very same allegations that have been rejected by numerous tribunals in his seven prior proceedings against Pepco.  Plaintiff urges, for instance, that (1) Pepco violated Department of Transportation ("DOT") testing standards and used an unlicensed technician in conducting the testing; (2) his test results were altered; and (3) the test results were forensically invalid.  See Opp. ¶¶ 3-4, 6, 11-12.[2]  As Pepco demonstrated in its memorandum, these false and baseless accusations regarding his alcohol testing as well as his allegations in his Complaint concerning his discipline and termination have been fully litigated and decided by *multiple* judges and arbitrators in Pepco's favor.  See Mem. at 12-16.

Consequently, his wrongful discharge claim should be dismissed with prejudice.

### C. Plaintiff Failed In His Opposition To Show That He Can State A Claim For Wrongful Discharge

Pepco also established in its memorandum that Plaintiff's claim should be dismissed because his Complaint fails to state a claim for wrongful discharge.  Mem. at 17-18.  As Pepco explained, under District of Columbia law, wrongful discharge can only be proven by either an "outright refusal to violate a specific law, with the employer putting the employee to a choice of breaking the law or losing his job," Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991), or proof that an employee was terminated in violation of a "clear mandate of public policy."  Carl v. Children's Hosp., 702 A.2d 159, 164 (D.C. 1997); see also Mem. at 11-12.

In his opposition, Plaintiff merely reiterates the allegations of his Complaint concerning claimed deficiencies in Pepco's blood-alcohol testing.  At no point, however, does Plaintiff even

---

[2] It is Pepco's understanding that, after he filed this lawsuit, Plaintiff filed four additional lawsuits against various parties challenging his alcohol testing, discipline and termination.

attempt to prove either of the two narrow grounds upon which his wrongful discharge claim could proceed. Although Plaintiff broadly claims that Pepco "cover[ed] up the federal violations that were violated," at no point does he claim that *he* refused to commit an illegal act or that *he* was terminated for such a refusal. Opp. ¶ 3.

Moreover, his broad assertion that "those who allow companies to supersede the law, put the safety of the public in harms way" is both irrelevant to his purported claim and, given the circumstances of this case, entirely irrational. Opp. ¶ 7. Pepco undoubtedly acted *on behalf of* the public interest when it tested Plaintiff and subsequently disciplined and terminated him. Plaintiff's attempts to evoke the "public harm" and claim that Pepco has "no remorse for others' well being and no respect for the law" are ironic coming from an individual who arrived at work in a state of near-blinding intoxication to drive a Pepco repair truck through the streets of Washington, D.C. in storm conditions on a holiday weekend.

As this Court recognized when it dismissed Plaintiff's claims in Ramey I:

> What plaintiff appears to conveniently ignore in bringing this suit is the fact that defendants have produced evidence which demonstrates that, on the night of August 31, 2003, *plaintiff showed up to work drunk – so drunk that when he was finally given a breathalyzer test, eleven to twelve hours after he was first confronted by his supervisor, his blood alcohol level still registered at 0.065% to 0.07%. This is not a close call.*

By testing, disciplining and terminating Plaintiff for his blatant violations of its safety policies, Pepco plainly acted to preserve – not violate – the public policy of this jurisdiction.

### III. CONCLUSION

For the foregoing reasons and for the reasons stated in its Motion to Dismiss, Pepco respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

_____/s/_____
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

December 13, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December 2007, I caused a true and correct copy of the foregoing Reply in Support of Its Motion to Dismiss to be served by first class mail, postage prepaid on this 13th day of December, 2007, on the following:

>Benjamin Ramey
>4251 Clay Street, NE
>Washington, DC 20019

>_____/s/_____
>Connie N. Bertram

DC:540163.4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN RAMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-2132 (RJL) |
| ) | |
| POTOMAC ELECTRIC POWER ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Upon consideration of Defendant Potomac Electric Power Company's Motion to Dismiss, and the parties' briefing on it, the Court orders as follows:

Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

ORDERED this ___ day of _____.

_____
U.S. District Court Judge

DC:540273.1