IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY PRO-SE

PLAINTIFF

V.

POTOMAC ELECTRIC POWER COMPANY
(PEPCO)

No. 07-2132 (RJL)

RECEIVED
DEC 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO
DEFENDANT'S MOTION TO DISMISS

I. INTRODUCTION

1. DEFENDANT'S OPPOSITION FAILS TO ESTABLISH ANY TRUTH OR FACTS FOR A DISMISSAL OF THIS CASE. DEFENDANT'S APPOINTED ARBITRATORS RULED AGAINST PLAINTIFF AFTER DOCUMENTS OF EVIDENCE THAT THE ALLEGE ALCOHOL TECHNICIAN WAS NOT CERTIFIED OR LICENSE TO ADMINISTER IN THE DISTRICT OF COLUMBIA WHERE PLAINTIFF WAS TESTED, THAT THE TEST WAS ALTERED AND THE TESTING PROCESS WAS ILLEGAL BECAUSE OF NON-COMPLIANCE OF THE DEPARTMENT OF TRANSPORTATION (DOT) FEDERAL LAW CONGRESS PASS.

2. THE ARBITRATORS EVEN DESTROYED THE TAPES OF THE HEARING DAYS AFTER THEIR DECISION TO PREVENT PLAINTIFF TO APPEAL, SO THE ARBITRATORS AND OTHER TRIBUNALS NOT ONLY ALLOWED DEFENDANT TO VIOLATE THE LAW, BUT ALSO VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS.

3. COUNSEL FOR DEFENDANT CLAIM THAT PLAINTIFF IS MAKING FALSE ALLEGATIONS. COUNSEL IS WELL AWARE THAT PLAINTIFF WAS WRONGFULLY TERMINATED BECAUSE THE TEST WAS FORENSICALLY INVALID AND IN SUPPORT OF PLAINTIFF'S MOTION FOR THE COURT TO DENY DEFENDANT'S MOTION TO DISMISS, IS A LETTER FROM AN ATTORNEY THAT THE COURT RELY UPON AS A CREDIBLE WITNESS TO THE ISSUE THAT DISPUTE COUNSELS CLAIM THAT PLAINTIFF WAS INTOXICATED (Ex.1).

4. PEPCO'S AGREEMENT WITH LOCAL 1900 DO NOT MENTION IN THE AGREEMENT THAT PEPCO HAS THE POWER TO TERMINATE AN EMPLOYEE BY DETAINMENT FOR OVER 11 HRS. TO CONDUCT A TEST, USE ANY ONE TO ADMINISTER THE TEST OR TO SUPERSEDE A FEDERAL LAW.

5. COUNSEL IS NOT COMING CLEAN WITH THE COURT, INSTEAD COUNSEL WANT THE COURT TO TAKE HER WORD OVER AN ATTORNEY THAT THE COURT DEPEND ON (Ex.1) AND FOR THE COURT TO DISMISS, IS A WAY OF SAYING THAT ATTY. BROWN (Ex.1) IS NOT CREDIABLE AND NEED NOT BE EMPLOYED BY THE COURT.

6. PLAINTIFF IS VERY DISSATISFIED WITH THE OUTCOME OF THE REPEATEDLY REJECTIONS IN OTHER TRIBUNALS MAINLY BECAUSE THE ATTORNEYS FOR DEFENDANT ARE CONSTANTLY FILING TO DISMISS INSTEAD OF BRINGING FORTH WITNESSES TO TESTIFY. FOR OVER 4 YRS. PLAINTIFF HAS BEEN CHALLENGING THE TEST AND IN NO WAY CAN ANYONE DISPUTE THAT THE TEST WAS NOT ILLEGAL.

7. PLAINTIFF PRESENTLY HAS A CASE UNDER THE WCA ON APPEAL IN SUPERIOR COURT THAT INVOLVED AN INJURY WHICH OCCURED WHILE THE DEFENDANT ATTEMPTED TO HAVE PLAINTIFF TESTED AND FOR THAT REASON IS WHY THIS CASE SHOULD PROCEED AND NOT BE DISMISSED.

8. COUNSEL CONTINUE TO TRY TO DISCREDIT PLAINTIFF OF BEING INTOXICATED BY AN ALLEGE ALCOHOL TECHNICIAN THAT WAS NOT CERTIFIED IN THE DISTRICT FROM HIS OWN TESTIMONY AND A CONFIRMATION OF THE TEST FROM A SUP. CT. TRAFFIC PANEL MEMBER. IT IS TOO OBVIOUS THAT THE TEST WAS FIXED TO AVOID THE SERIOUS LAWSUIT OF KIDNAP THAT IS PRESENTLY ON APPEAL IN SUP. CT. AND COUNSEL CONTINUE TO COVER UP THE TRUTH BY

MISLEADING THE COURT.

9. Plaintiff was wrongfully terminated and evidence prove this to be a fact. Counsel wants to shift the weight on other tribunals, instead of her client (PEPCO) taking its own responsibilities.

10. The court must consider in deciding whether it gives large corporations the power to act above the law and to punish employees injusticely. The court must either deny defendants motion or send this case back to superior court where it can be resolved. Counsel has already exposed to the court that she will try to manipulate to prevail and counsel also expect the court to assist her in doing so, the sameway Judge Retchen was mislead by counsel in dismissing.

## II. Conclusion

For the foregoing facts and truth stated in its motion to deny defendants motion to dismiss, plaintiff respectfully request that this court grant plaintiffs motion to deny defendants motion.

*Benjamin Ramey*
Truthfully Submitted,

## Certificate of Service

I, Benjamin Ramey certify that I served a true and correct copy of the foregoing postage pre-paid or by hand delivery on the 20TH day of Dec. 2007 To:

Connie Bertram, Esq.
1700 K St. N.W.
Wash. D.C., 20006

*Benjamin Ramey*
Benjamin Ramey
4251 Clay St. N.E.
Wash. D.C., 20019

Ex. 1

# Bryan W. Brown



Attorney at Law

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To: William Bach
From: Bryan W. Brown
Re: Benjamin Ramey
Date: July 19, 2007

    I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

    A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

    A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.

…

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUBIA

BENJAMIN RAMEY,

PLAINTIFF,

V.                                              No. 07-2132 (RJL)

POTOMAC ELECTRIC POWER COMPANY

DEFENDANT.

## ORDER

UPON CONSIDERATION OF PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS, THE COURT ORDERS AS FOLLOWS:

PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS IS GRANTED.

ORDERED THIS _____ DAY OF

_____

U.S. DISTRICT COURT JUDGE