**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN RAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-2132 (RJL) |
| | ) |
| POTOMAC ELECTRIC POWER COMPANY, | ) ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO STRIKE

Defendant Potomac Electric Power Company ("Pepco") hereby moves for the entry of an Order striking Plaintiff's "Motion For Defendant to Discontinue" in its entirety. In support of its Motion, Pepco respectfully refers the Court to the attached Memorandum.

Respectfully submitted,

/s/
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN RAMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-2132 (RJL) |
| ) | |
| POTOMAC ELECTRIC POWER ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE**

Defendant Potomac Electric Power Company ("Pepco") submits its Memorandum in Support of its Motion to Strike Plaintiff's "Motion to Discontinue."

**I.    INTRODUCTION AND SUMMARY**

In this action, Plaintiff asserts a single claim for "Wrongful Termination" against Pepco, his former employer. Plaintiff contends that Pepco wrongfully terminated him for "being accused of being intoxicated" in connection with reasonable suspicion alcohol testing that it conducted in 2003. Comp. at ¶¶ 4-8. Pepco filed a motion to dismiss that established that this claim, much like the claims that have already been dismissed by this Court, was barred by the Workers' Compensation Act ("WCA"), preempted by section 301 of the Labor Management Relations Act and failed to state a valid claim for relief. See MTD Mem. at 3-16.[1]

As Pepco explained in its motion, this lawsuit was the eighth separate lawsuit or proceeding that Plaintiff filed against Pepco challenging his breathalyzer testing and Pepco's decision to discipline and terminate him. In 2003 and 2004, Plaintiff filed union grievances

---

[1] Pepco's December 3, 2007 memorandum in support of its motion to dismiss is cited herein as "MTD Mem. at __."

challenging these actions and decisions. Both of these grievances proceeded to a full evidentiary hearing before an arbitrator. The arbitrators rejected Plaintiff's grievances, finding that Pepco lawfully and validly tested, disciplined and terminated Plaintiff. MTD Mem. at 2, 13-14.

Plaintiff then filed race discrimination, retaliation and tort claims challenging his testing, discipline and termination. See MTD Mem., Ex. 1 at ¶¶ 33-44. In a March 31, 2006 ruling, this Court dismissed each of Plaintiff's claims with prejudice, finding, among other things, that:

> What plaintiff appears to conveniently ignore in bringing this suit is the fact that ***defendants have produced evidence which demonstrates that, on the night of August 31, 2003, plaintiff showed up to work drunk – so drunk that when he was finally given a breathalyzer test, eleven to twelve hours after he was first confronted by his supervisor, his blood alcohol level still registered at 0.065% to 0.07%. This is not a close call.***

Ramey v. Potomac Elec. Power Co., 468 F. Supp. 2d 51, 57 n.7 (D.D.C. 2006) (emphasis added). This ruling was summarily affirmed by the D.C. Circuit on December 18, 2006. See MTD Mem. 2, 14 & Ex. 2.[2]

Then, in an injunction proceeding filed by Pepco, Plaintiff filed counterclaims against the company asserting claims for alleged violations of his civil rights, harassment, threats, trespass, intimidation, "illegal entrance of mailbox," conspiracy, and intentional and negligent infliction of emotional distress. The Superior Court dismissed with prejudice each of Plaintiff's counterclaims. MTD Mem. at 14-16 & Exs. 7-8. Plaintiff next filed two additional lawsuits against Pepco in the Spring of 2007 asserting various state tort claims challenging Pepco's testing. Pepco filed motions to dismiss that established that the claims were untimely and barred by the doctrine of collateral estoppel. Both of these cases were dismissed by the Superior Court. MTD Mem. at 2, n.1.

---

[2] Plaintiff also filed two workers' compensation claims and an unemployment compensation claim against Pepco.

Less one month after he filed this lawsuit, Plaintiff filed yet another action challenging his testing, this time alleging that Pepco violated the federal Motor Carrier Act. Pepco filed a motion to dismiss that claim establishing that the Act does not authorize a private cause of action for personal injuries and, even if it did, Plaintiff's claim would be untimely. See Ramey v. Potomac Elec. Power Co., No. 07-2340, Mem. in Support of Motion to Dismiss, at 2-8 (D.D.C. filed Jan. 8, 2008). In addition, it is Pepco's understanding that, around the same time that Plaintiff filed this suit, Plaintiff instituted lawsuits against third-parties challenging the handling of his unemployment compensation proceeding.

In almost each and every filing that he has made in these proceedings, Plaintiff has accused Pepco and its counsel of making false allegations concerning him and submitting false and manufactured evidence against him. For instance, in his opposition to Pepco's motion to dismiss in the proceeding in Superior Court before Judge Anderson, Plaintiff alleged that Pepco's attorney "knowingly and willingly lies to the Court to shelter his client (Pepco) and to definitely save his career." Ramey v. Potomac Elec. Power Co., No. 07CA2419B, Opp. to Motion to Dismiss, at 2 (D.C. Super. Ct. filed May 9, 2007). In the counterclaim that he filed in the injunction proceeding, Plaintiff went so far as to accuse Pepco and its litigation counsel of engaging in a conspiracy to defame and to submit false evidence against him. Ramey v. Bertram, et al., No. 06CA5435 (D.C. Super. Ct. filed Aug. 2, 2006). As with every claim that he has asserted against Pepco and its attorneys, those allegations and claims have been summarily dismissed or rejected.

Plaintiff now files in this lawsuit what he styles as a "Motion to Discontinue." In this motion, Plaintiff again alleges that Pepco "continue[s] to discredit Plaintiff's credibility by falsely accusing him of being an alcoholic . . .." Motion at 1. He further complains about Pepco's

refusal to settle with him in the "low millions," asserting that "[t]he court must decide whether or not the defendant is proven gilty [sic] in negotiating a settlement with Plaintiff." Id. at 2. He alleges in his motion that he "should be able to sue for compensatory and punitive damages." Id. at 1.

This most recent baseless missive against Pepco should be stricken for two distinct reasons. First, the motion does not comply with or seek any relief contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. In addition, the entire motion should be stricken pursuant to Rule 12(f) because it was filed by Plaintiff for an improper purpose and contains baseless, impertinent and scandalous allegations against Pepco. Plaintiff filed his motion as part of his endless campaign to burden and harass Pepco and to extract a settlement from it. Thus, his motion has no place in this Court and should be stricken from the record.

## II. ARGUMENT

### A. Plaintiff's Motion Fails To Comply With And Seeks Relief Not Contemplated By The Federal Or Local Rules

Plaintiff's "motion" should be stricken because it does not comply with and does not seek any relief contemplated by the Federal or Local Rules. The Federal Rules and the Local Rules authorize plaintiffs to file a variety of different motions at different points in the course of civil litigation. Motions filed in this Court are subject to the procedural and substantive requirements of Local Rule 7. Even affording Plaintiff, as a pro se litigant, the most liberal and broad interpretation of his so-called "motion," it is clear that it is not authorized or even contemplated by these Rules.

The basis for, and relief sought through, the motion are entirely unclear. Although he frames his motion as a motion to "discontinue," it cannot be construed as a Rule 65 motion because it only requests monetary – not injunctive – relief. See Motion at 1 (stating that he

should be able to sue for "compensatory and punitive damages").  Moreover, it does not appear that Plaintiff seeks through this motion to amend his complaint to assert any additional claim or seek any additional relief against Pepco.  Because Pepco has not filed an answer to his original Complaint, Plaintiff would only need to file an amended complaint to amend his current allegations or to assert additional claims.  See Fed. R. Civ. P. 15(a).  Because Plaintiff, who has filed no less than ten complaints, amended complaints and counterclaims against Pepco and numerous other parties, knows how to file an amendment to a complaint and chose not to, his "Motion" cannot be construed as an amended complaint.[3]

It should be noted that even if Plaintiff attempted to file an amended complaint asserting some type of defamation claim against Pepco, it too would be dismissed.  Because Plaintiff only accuses Pepco of defaming him through accusations and allegations in the numerous prior proceedings between them, any such claim would be barred by the judicial proceedings privilege.  That privilege affords an *absolute* privilege to statements made preliminary to, or during, a judicial proceeding.  Messina v. Krakower, 439 F.3d 755, 760 (D.C. Cir. 2006).  It protects parties and their counsel "from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity."  Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc., 774 A.2d 332, 338 (D.C. 2001); see also Marsh v. Hollander, 339 F. Supp. 2d 1, 8 (D.D.C. 2004).  Plaintiff, therefore, could not maintain a defamation claim against Pepco even if he chose to amend his complaint.[4]

---

[3] In any event, to file a motion to amend compliant with Local Rule 7, Plaintiff would have been required to confer with Pepco's counsel regarding his motion and submit a copy of the proposed amended pleading.  See Local Rule 7(i) & 7(m).

[4] Moreover, because numerous fact-finders, including this Court, have concluded that Plaintiff's BAC exceeded the limits of Pepco's policies, and Plaintiff was, in fact, "drunk" on the day that

Thus, even affording Plaintiff leeway as a *pro se* plaintiff, it is unclear what legitimate purpose his "Motion to Discontinue" could serve. The motion does not comply with or seek any relief contemplated by the Federal Rules or Local Rules. Moreover, the factual assertions set forth in it do not relate and are not relevant to the wrongful discharge claim asserted in his Complaint or any of the legal issues raised in Pepco's pending motion to dismiss. Indeed, as discussed below, the only discernable purpose for Plaintiff's motion is to harass Pepco with endless, baseless filings. Consequently, the "Motion to Discontinue" should be stricken.

**B.     Plaintiff's Motion Is Immaterial, Impertinent, And Scandalous**

Plaintiff's motion also should also be stricken because it is impertinent and scandalous and was merely filed as part of Plaintiff's never-ending campaign to harass and burden Pepco.

Rule 12(f) authorizes the courts to strike from any pleading, motion or other filing of a party "any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12(f); see also Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003); Judicial Watch, Inc. v. U.S. Dept. of Commerce, 224 F.R.D. 261, 263-64 (D.D.C. 2004). Pursuant to this Rule, courts in this Circuit have not hesitated to strike motions and other filings that: (1) are irrelevant to the case or prejudicial to a party, Pigford, 215 F.R.D. at 4; see also Wiggins v. Phillip Morris, Inc., 853 F. Supp. 457, 457-58 (D.D.C. 1994) (allegations of tortious interference irrelevant to civil rights claim); Judicial Watch, 224 F.R.D. at 263-64 (striking portions of declaration that contained irrelevant, impugning, and inflammatory statements irrelevant to issues before the court); (2) contain scandalous statements, including anything that "unnecessarily reflects on the moral character of an individual" or "improperly cast a derogatory light" on a party, Radtke Patents

---

Pepco tested him, Plaintiff would be barred by the doctrine of collateral estoppel from establishing that Pepco's judicial statements were false in any event. See Pepco MTD Mem. at 12-16.

Corp. v. Coe, 121 F.2d 103, 103 (D.C. Cir. 1941) (granting motion to strike because there was nothing in record to support scandalous charges and innuendos in brief); or (3) are interposed for the purpose of harassing another party, Pigford, 215 F.R.D. at 4.

There is no question that Plaintiff's "Motion to Discontinue" should be stricken pursuant to Rule 12(f). As noted above, Plaintiff could not have filed his motion for any legitimate reason. The motion is not relevant to his claim in this case or the legal issues raised in Pepco's pending motion to dismiss. Rather than present a properly founded, compliant motion addressing the merits of his claim, Plaintiff attempts to launch through his motion a baseless and offensive attack on Pepco's professional integrity and honesty. The purpose of this motion was to further burden and harass Pepco with scandalous accusations that have already been rejected repeatedly by multiple tribunals.

Thus, much like the "wildly immaterial [and] delusional" allegations stricken by this Court in Atraqchi v. Williams, 220 F.R.D. 1, 3 (D.D.C. 2004), the motion should be stricken pursuant to Rule 12(f). See also Payne v. Howard, 75 F.R.D. 465, 468 (D.D.C. 1977) (striking baseless and scandalous accusations against party).

### III.  CONCLUSION

For the foregoing reasons, Pepco respectfully requests that this Court strike Plaintiff's Motion to Discontinue.

Respectfully submitted,

/s/
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

                                        Jill D. Flack (Bar No. 420020)
                                        Associate General Counsel
                                        Potomac Electric Power Company
                                        701 9th Street, NW
                                        Washington, D.C. 20068
                                        (202) 872-2756
                                        (202) 872-3281 (fax)

                                        Counsel for Defendant

January 22, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January 2008, I caused a true and correct copy of the foregoing Motion to Strike to be served by first class mail, postage prepaid, on the following:

> Benjamin Ramey
> 4251 Clay Street, NE
> Washington, DC 20019

/s/
Connie N. Bertram

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENJAMIN RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2132 (RJL) |
| | ) | |
| POTOMAC ELECTRIC POWER COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Upon consideration of Defendant's Motion to Strike, and the parties' briefing on it, the Court orders as follows:

Defendant's Motion to Strike Plaintiff's Motion For Defendant to Discontinue is GRANTED and

Plaintiff's Motion is STRICKEN in its entirety.

ORDERED this ___ day of _____.


_____
United States District Court Judge

DC:543777.2