**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN RAMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-2132 (RJL) |
| ) | |
| POTOMAC ELECTRIC POWER ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Potomac Electric Power Company ("Pepco") submits its reply brief in support of its motion to dismiss.

**I.     INTRODUCTION**

Plaintiff's opposition fails to respond in any meaningful way to the legal arguments in Pepco's motion to dismiss. Pepco established that Plaintiff's wrongful discharge claim should be dismissed for three distinct and alternative reasons:

(1)     the claim is barred by the Workers' Compensation Act ("WCA");

(2)     even if the Court elected to convert Plaintiff's preempted state law claim into a breach of contract claim under section 301 of the Labor Management Relations Act ("LMRA"), it is barred by the six-month statute of limitations for such claims and by the underlying arbitration decision; and

(3)     even if it were not precluded by the WCA and preempted by section 301, Plaintiff's claim should be dismissed because (a) Plaintiff failed to plead a valid claim for wrongful discharge; and (b) it is barred by the doctrine of collateral estoppel.

Because Plaintiff does not oppose Pepco's showing that his claim is barred by the WCA and that his claim is preempted by section 301, Pepco's motion should be granted for that reason alone. With respect to Pepco's remaining arguments, Plaintiff merely offers a listing of citations to Supreme Court decisions and the bare assertion that he "states a claim for wrongful termination" because "the alcohol test was forensically invalid." Opp. at 1. The decisions cited by Plaintiff do nothing but support Pepco's showing that, even if the Court elected to convert Plaintiff's claim, his section 301 claim would be untimely and barred by his prior arbitration decision. Moreover, although it is unclear how his assertion that his testing was "forensically invalid" supports his claim, he cannot avoid the fact that a universal chorus of factfinders have concluded the testing was valid.

Consequently, Plaintiff's Complaint should be dismissed with prejudice.

## II.  ARGUMENT

### A. Plaintiff Does Not Oppose Pepco's Showing That His Claim Is Barred By The WCA

Plaintiff did not even attempt to oppose Pepco's showing that, as with the state claims asserted by Plaintiff in 2004 in Ramey v. Potomac Elec. Power Co., 468 F. Supp. 2d 51 (D.D.C. 2006) (Leon, J.) ("Ramey I"), his wrongful discharge claim is barred by the WCA. See Pepco Mem. at 3-5. Pepco's motion to dismiss should be granted for this reason alone. As this Court explained in Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002), "if the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the

entire case."[1]  Given Plaintiff's concession that the WCA bars his claim, the Court should dismiss this case and with prejudice.

### B. Plaintiff Could Not Pursue His Converted Section 301 Claim

Pepco established in its motion that Plaintiff's wrongful discharge claim is preempted by section 301 because it is founded upon and requires the interpretation of the collective bargaining agreement ("CBA") between Pepco and Plaintiff's union.  Pepco Mem. at 5-10.  Plaintiff does not even attempt to oppose this showing.  See Opp. at 1.  For that reason, as with the WCA argument, the argument should be deemed conceded.

The only remaining issue with respect to Pepco's preemption argument, therefore, is whether the claim should be dismissed or should be converted into section 301 breach of contract claim.  See Pepco Mem. at 10.  As established in Pepco's memorandum and discussed below, even if the Court elects to convert his claim, Plaintiff cannot – despite his protestations to the contrary – avoid the fact that his claim is untimely.  Moreover, as Plaintiff's own cases recognize, he could not pursue a section 301 claim in any event because his grievance challenging his termination was rejected in arbitration.

In his opposition, Plaintiff cites a string of Supreme Court decisions addressing or involving section 301 actions.  Although Plaintiff does not explain why the Supreme Court

---

[1] See also United States v. Real Prop. Parcel 03179-005R, 287 F. Supp. 2d 45, 61-62 (D.D.C. 2003) (failure to address an argument equates to concession of that argument under the Local Civil Rule 7(b)); Day v. Department of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded"); Hopkins v. Women's Div. Gen. Bd. of Global Ministries, 238 F. Supp. 2d 177, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

decisions he cites are relevant,[2] a review of them reveals that they support the dismissal of Plaintiff's converted section 301 action.  Vaca v. Sipes, 386 U.S. 171 (1966) and Bowen v. United States Postal Serv., 459 U.S. 212 (1983), recognized that a plaintiff may maintain an action under section 301 against his employer for breach of the CBA and against his union for breach of the duty of loyalty in certain circumstances.  DelCostello adopted a six-month statute of limitations for section 301 claims against an employer and/or a union.  Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1976), recognized that, to maintain a section 301 action against an employer after a final arbitration ruling against him, a plaintiff must satisfy the "heavy" burden of showing that his union acted dishonestly or in bad faith in representing him in the arbitration.

As Pepco demonstrated in its memorandum, Plaintiff cannot maintain a section 301 action against it under these well-established principles and standards.  Plaintiff did not file his lawsuit challenging his termination until well after the expiration of the six-month limitations period adopted in DelCostello.  Pepco Mem. at 10-11.  Moreover, under Hines, because the arbitrator ruled in Pepco's favor on Plaintiff's grievance challenging his termination, see id. at 9-10, and Plaintiff has not alleged that his union acted in bad faith or dishonestly in prosecuting his grievance, he could not have pursued a section 301 claim against Pepco even if he had filed a timely claim.

---

[2] The only argument that Plaintiff potentially makes based on these decisions is that, in footnote 5 of DelCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983), a three-year statute of limitations was applied to one of the plaintiff's section 301 claims.  See Opp. at 1.  Footnote 5, however, merely noted that one of the district court decisions below had applied a three-year limitations period for state contract claims.  DelCostello rejected this limitations period (and other limitations periods "borrowed" from state law) and adopted for section 301 claims the six-month statute of limitations of section 10(b) of the National Labor Relations Act because it offered a "closer analogy" than state limitations periods.  462 U.S. at 169-72.

### C. Plaintiff Does Not Rebut Pepco's Showing That He Failed To State A Claim For Wrongful Discharge

As its third alternative argument in support of its motion to dismiss, Pepco demonstrated that, even if his claim was not barred by the WCA and was not preempted, Plaintiff could not sustain a wrongful discharge claim. Pepco Mem. at 11-12. Plaintiff's only apparent response to these arguments is Exhibit 2 to his opposition, which supposedly shows that his test results were "forensically invalid." Exhibit 2 is a July 19, 2007 memorandum to Plaintiff's prior counsel from an attorney named Bryan Brown offering his opinion that the testing performed on Plaintiff was not undertaken consistent with the "U.S. Capital Police Breath Testing" manual and was "highly unreliable." This so-called "evidence" is entirely inadmissible and is irrelevant in any event to the issues raised in Pepco's motion.

The exhibit is nothing more than an unauthenticated "memorandum" that contains hearsay statements of a third party to Plaintiff's former counsel. As with the other random exhibits attached to his opposition, Plaintiff did not even attempt to authenticate this memorandum through testimony or an affidavit as required by Rule 56(e).[3] Because Brown was not personally involved in the testing at issue and has no personal knowledge concerning it, the use of it is barred by Rule 56(e) and Rule 602. Moreover, the memorandum contains out-of-court statements offered for the truth of the matter asserted, which constitutes hearsay that does not fall within any of the recognized exceptions in Rule 803.

Although Brown describes his background and experience, presumably to establish that he is some type of "expert," he has not been qualified as an expert to render an opinion concerning Pepco's alcohol testing policies. By his own description, his experience with

---

[3] As was the case in <u>Ramey I</u>, because Plaintiff purported to submit evidence in connection with his opposition, Pepco's motion should be converted to a Rule 56 motion for summary judgment and his evidence should be assessed pursuant to the standards of Rule 56(e). <u>See</u> 468 F. Supp. at 55.

breathalyzer testing is limited to "U.S. Capital Police" testing standards and to defending criminal cases in the District of Columbia. Brown does not even purport to have experience with the internal company policies and CBA provisions that Pepco applied in testing, disciplining and terminating Plaintiff. Thus, his proffered "opinions" concerning Pepco's testing of Ramey is not admissible pursuant to Rule 702.

In any event, this memorandum is irrelevant to the issues raised in Pepco's motion. It does not in any way respond to Pepco's showing that Plaintiff failed to allege and could not prove that Pepco terminated him in violation of a "clear mandate of public policy" of the District of Columbia or that his termination was unjustified. Pepco Mem. at 12. Although the memorandum purports to address certain of the prior factual findings concerning Plaintiff's testing and termination that support Pepco's collateral estoppel argument, see Pepco Mem. at 13-15, an inadmissible, after-the-fact "opinion" of an attorney cannot overcome the numerous, binding factual findings – including findings of this Court – that Pepco's testing was proper and that Pepco had just cause to terminate Plaintiff. See Pepco Mem. at 12-16.

Plaintiff thus cannot avoid the conclusion that he is collaterally estopped from continuing to challenge – in this or any other court – his termination by Pepco.

### III.  CONCLUSION

For the foregoing reasons and the reasons set forth in Pepco's memorandum, Pepco respectfully requests that this Court grant Pepco's motion to dismiss.

Respectfully submitted,

_____/s/_____
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

January 24, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January 2008, I caused a true and correct copy of the foregoing Defendant's Reply Brief in Support of Its Motion to Dismiss to be served by first class mail, postage prepaid, on the following:

>	Benjamin Ramey
>	4251 Clay Street, NE
>	Washington, DC 20019

					/s/
				Connie N. Bertram