RECEIVED

FEB - 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY,
    PLAINTIFF,

V.

POTOMAC ELECTRIC POWER COMPANY,
PEPCO,

    DEFENDANT.

No. 07-2132 (RJL)

## PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S MOTION TO STRIKE

1. THIS COURT HAVE NEVER DISMISS WRONGFUL TERMINATION AS COUNSEL MENTIONED IN HER MOTION TO DISMISS BECAUSE THE COMPLAINT WAS NEVER FILED. COUNSEL ONCE AGAIN IS ATTEMPING TO LEAD THE COURT TO DISMISS IN THE SAME MANNER OF OMMITTING EVIDENCE AND THE BLACK OUT OF COVER PAGE.

2. PLAINTIFF FILED A TRO ON PEPCO IN 2006 FOR VIOLATING HIS FIRST AMENDMENT TO FREE SPEECH, WHEN HE WAS TOLD BY 3 PEPCO SECURITY GAURDS TO LEAVE THE CORNER OR OTHER MEASURES WOULD BE TAKEN. COUNSEL THEN FILED AN INJUNCTION ON PLAINTIFF THAT LEAD TO AN ARGUING MATCH BETWEEN COUNSEL'S AND JUDGE GREEN IN CHAMBERS. COUNSEL'S HAVE A TRACK RECORD OF LYING TO PREVAIL, EVER TRYING TO BULLY THEIR WAY TO PREVAIL.

3. WRONGFUL TERMINATION WAS ONLY ONE COMPLAINT MENTIONED IN THE LEAFLETS PLAINTIFF WAS PASSING OUT ON THE CORNER THAT COUNSEL FILED AN INJUNCTION ON. AND BEFORE JUDGE RETCHEM RULED, SHE ASK PLAINTIFF, "WOULD HE COME AFTER HER, IF SHE RULED WITH PEPCO," SO COUNSEL NOW FEEL AS THOUGH EVERY JUDGE IS GOING TO SIDE WITH HER.

4. THE ARBITRATORS WERE CORRUPTED WHEN THE TAPES OF THE HEARING WAS DESTROYED JUST DAYS AFTER THEIR DECISION AND PLAINTIFF HAS A WITNESS TO TESTIFY TO THAT. THE ARBITRATORS ARE ALSO REWARDED BY THE COMPANY IN TWO WAYS. THEY ARE REWARDED FOR THAT HEARING AND COULD BE REWARDED BY BEING SELECTED IN ANOTHER HIGH PROFILE CASE.

5. EVERYONE IN EVERY TRIBUNAL WAS PART OF THE CONSPIRACY TO DISCREDIT PLAINTIFF AS AN ALCOHOLIC OR WAS LIED TO OR MISLEAD BY COUNSEL AS JUDGE RETCHEM. PLAINTIFFS CASE WAS A HIGH PROFILE CASE

from the beginning when PEPCO managers detained plaintiff for over eleven hours without allowing him to eat, drink or use the facility to relieve himself, transported him across the state line into Virginia for a breath test, used an uncertified, unlicense allege alcohol technician to conduct the test, that was concluded to be forensically invalid by an atty. who the court depend on, that is a member of the traffic panel in Sup. Ct. and for those reasons is why counsel continue to ly, mislead and down play anyone or any evidence that plaintiff present to the court.

6. As of yet, counsel has not been able to produce any evidence of plaintiff being intoxicated and she can not. After plaintiff filed a complaint in late 2004 against PEPCO for violating DOT federal drugs and alcohol law, 3 defendants were relocated, 2 alcohol technicians were terminated and the drugs and alcohol program was reestablished to DOT requirements. Counsel is well aware of truth and she is now trying to protect her career. Counsel violated the oath she swore not to, when Venerable, LLP decided that PEPCO was AT FAULT. Counsel decided to ride the storm out with Winston + Strawn, LLP, when she should have just made PEPCO aware of the truth from the beginning. Now her goal is to have it both ways. Counsel pleads to the court to dismiss after her clients wrong, outrageous behavior and her trying to cover up the truth by lying and misleading the court. Lying by omittance is often practiced by counsel.

## Plaintiff's Defense

A. Plaintiff has evidence out of the alcohol technician's mouth that he was not license in the District. The court has that part of the transtript.

B. Plaintiff can prove that the test should have been conducted pursuant to DOT, by the manager, (a defendants) testimony. The court has the transtript.

C. Plaintiff can prove that 0.40 was a test and not a calibration as counsel claim, that was manually recorded on test form to mislead that plaintiff was drunk. Ex. 1, statement from a federal agent.

D. Plaintiff has proven that the test was invalid. The court has that letter, but still counsel insist that PEPCO is exempt from the law. PEPCO's testing policy for CMV drivers is federal law. When PEPCO managers transported plaintiff across the state line, that was a federal offense, kidnap. Counsel continue to use PEPCO's policy as a defense for a dismissal. Nowhere in the country, in no policy or ruling does it state that a large corporate co. can hire someone off the street corner, without any legit certification to conduct any procedure, when there is a federal law in place. Counsel continue to abuse the truth by knowingly, lying and misleading the court. Everytime counsel signed the certificate of service, she perjured herself.

7. Counsel shared with the court in a prior motion that plaintiff had filed other law suits on other agencies after filing wrongful termination on PEPCO, but what counsel did not tell the court was that two D.C. agencies failed to answer the complaint.

8. Counsel even lied in her brief filed in Sup. Ct. that plaintiff was held for 1½ hrs., when the record proves that plaintiff was detained nearly 11 hrs.. At this point counsel would do or say anything to prevail.

Plaintiff's motion for defendants to discontinue defamation of character was not meant to be an amended complaint. The court ordered that plaintiff file any motion related to wrongful termination to file in District Court under (RJL), but if counsel motion to strike is dismissed, plaintiff will file in Sup. Ct.

### Conclusion

For the foregoing reasons, plaintiff respectfully request the court to deny defendants motion to strike.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing motion be served first class postage, pre-paid on the 1st day of Feb., 08 on the following indivisual:

Connie Bertram, Esq.
1700 K St. N.W.
Wash. D.C., 20006

Respectfully Submitted,

Benjamin Ramey
Benjamin Ramey
4251 Clay St. N.E.
Wash. D.C., 20019
(202) 213-8154

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY,
PLAINTIFF,

V.                                            NO. 07-2132 (RJL)

POTOMAC ELECTRIC POWER
COMPANY,

DEFENDANT.

## ORDER

UPON CONSIDERATION OF DEFENDANT'S MOTION TO STRIKE AND THE COURT ORDERS AS FOLLOWS:

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR DEFENDANT TO DISCONTINUE IS DENIED AND

PLAINTIFF'S MOTION REMAIN IN ITS ENTIRETY.

ORDERED THIS _____ DAY OF _____

_____
UNITED STATES DISTRICT COURT JUDGE

Ex. 1

| CP 319 (5-86) | WASHINGTON, D.C. COMPLAINANT/WITNESS STATEMENT | 1. CAPITOL FILE NUMBER |
|---|---|---|
| 2. NATURE OF INVESTIGATION | | 3. COMPLAINT NO. |
| 4. STATEMENT OF: (Last, First, Middle) WILSON, SPENCER W. | | 5. DOB | 6. SEX |
| 7. HOME ADDRESS ON-FILE | | 8. HOME PHONE ON-FILE |
| 9. EMPLOYMENT (Occupation and Location) USCP | | 10. BUSINESS PHONE (212) 224-978 |
| 11. LOCATION STATEMENT TAKEN 119 D ST. NE | 12. NAME OF OFFICER TAKING STATEMENT | 13. DATE/TIME STARTED 02/21/07 1630 h |

14. STATEMENT

ON 01-19-07, AT APPROX. 1500 hrs. I, OFFICER SPENCER WILSON, WAS CONTACTED BY MRS. DAVIS IN REFERENCE TO READING THE INTOXILYZER RECEIPT TESTING FORM IN HER POSSESSION.

SHE WAS IN POSSESSION OF A INTOXILYZER TEST PERFORMED BY THOMAS HYDE ON MR. BENJAMIN RAMEY ON 08-30-03 AND ACCORDING TO THE RESULT, THE SUBJECT BREATH ALOCHOL CONTAIN WAS 0.40 (DWI) AFTER ELEVEN HOURS. THIS WAS A TEST.

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. I UNDERSTAND THAT MAKING A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES.

16. DATE/TIME ENDED 02/21/07

17. PAGE ___ OF ___ PAGES

18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15: N/A

19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15: N/A