RECEIVED

FEB - 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In The United States District Court

For The District Of Columbia

Benjamin Ramey,

    Plaintiff,

V.

                    No. 07-2132 (RJL)

Potomac Electric Power Company,

    Defendant.

---

## Plaintiff's Opposition Motion To Defendant's Brief To Dismiss

1. Once Again As Often In The Past, Counsel Continue To Down Play And Discredit Plaintiffs Witnesses, Eventhough They Are Crediable Witnesses. Ex. 1, Spence Wilson Is A U.S. Cap. Police Officer Who Disputed Counsels Claim That 0.40 Was A Test And Not A Calibration And Bryan Brown, Ex. 2 Disputed Counsels Claim That The Test Was Forensically Invalid And Not Valid. Judge Green In Sup. Ct. Could Not Convince Counsel, Without A Verbal Argument And Shouting Match, The Legal Term For Kidnap.

2. Counsel Credit Plaintiff As Being An Alcoholic And Credit An Uncertified, Unlicense Allege Technician For Her Defense To Dismiss. Plaintiffs Record Before, During Or After Employed With Pepco, Is Clean, So How Can Counsel Accuse Plaintiff Of Being An Alcoholic. It Seems As Though Counsel May Have Some Sort Of Problem Dealing With Reality. Pepco Policy Has Been An Avenue For Years To Terminate Employees Wrongfully With The Assistance Of The Local And Arbitrators. Non CMV (Commercial Motor Vehical) Drivers Must Comply With Pepco's Policy, But CMV Drivers And The Company Must Comply With Federal Law (DOT). Counsel Should Be Able To Distinguish Between The Two. Before Counsel Attemp To Discredit Anyone Else, She Need To Find Someone That Is Willing To Testify Under Oath Without Perjury, But That Is Highly Impossible Because If It Was Not, Counsel Would Request A Hearing And Not A Dismissal.

3. In Every Tribunal Plaintiff Was Regarded As An Alcoholic And His Evidence And Witnesses Were Regarded As Trash. Counsel Even Boldly, Had Plaintiff's Complaint Dismissed In Front Of Judge Wright, By Lieing When She Said That Plaintiff Improperly Served The Affidavit. Counsel Is A Cunning, Maniputive, Decietful Attorney And Expect Plaintiff To Crawl Under A Rock In Silence, After He Is Able To Prove Everything He States. Counsel Know She Can Not Prove One Disputed Issue.

4. Plaintiff Appealed His Kidnap Complaint Against Pepco On 2 Occasions And Finally The Ct. Of Appeal Granted His Appeal And Hopefully Will View The Entire Record And Conclude That Judge Retchem Erred From The Testimony Of Decietful Attorney's.

5. Counsel Is Knowingly And Willingly Covering Up Lies By Lying To The Court. Plaintiff Was Accused Of Being Intoxicated Around Or About 1:30 A.M., Not Around 4 A.M. As Counsel Claim And The Reason For Counsel's Claim Was To Try To Justify The 8 Hrs. Ceasing Of The Test After Reasonable Supicious, Pursuant To DOT Requirements, But As Such, It Did Not Matter Because DOT Is Consistant Regardless Of The Time And To Prove To The Court That Counsel Is Lying, How Can It Be That At 5 A.M. Pepco Managers Claim That They Left Pepco's Head Quarters At 9+G St. N.W And Was At The Inova Hospital In Virginia Around 4 A.M., Ex. 3 Plaintiff's Record From Hospital. It Took About And Hr. To Reach The First Hospital.

6. No Ruling, If True Should Exemp A Large Corporation From Wrong Doing.

<u>Conclusion</u>

Plaintiff Respectfully Request The Court To Deny Defendants Motion To Dismiss And Set A Hearing Date.

<u>Certificate Of Service</u>

I Hereby Certify That I Caused A True And Correct Copy Of The Foregoing To Be Mailed First Class, Postage Pre-Paid On The 1st. Day Of Feb., 2008 On The Following:

Connie Bertram
1700 K St. N.W.
Wash. D.C., 20006

Respectfully Submitted,

Benjamin Ramey

Benjamin Ramey
4251 Clay St. N.E.
Wash. D.C., 20019
(202) 213-8154

Ex. 1

✿ U.S. GOVERNMENT PRINTING OFFICE: 2000  63–099 (mac)

CP 319 (5-86)

**WASHINGTON, D.C.**
**COMPLAINANT/WITNESS STATEMENT**

1. CAPITOL FILE NUMBER

2. NATURE OF INVESTIGATION

3. COMPLAINT NO.

4. STATEMENT OF: (Last, First, Middle)
WILSON, SPENCER. W.

5. DOB

6. SEX

7. HOME ADDRESS
ON - FILE

8. HOME PHONE
ON - FILE

9. EMPLOYMENT (Occupation and Location)
USCP

10. BUSINESS PHONE
(212) 224-978

11. LOCATION STATEMENT TAKEN
119 D ST. NE

12. NAME OF OFFICER TAKING STATEMENT (if other than block 18 include signature)

13. DATE/TIME STARTED
01/21/07  1630 h

14. STATEMENT

ON 01-19-07, AT APPROX. 1500 hrs.
I, OFFICER SPENCER WILSON, WAS
CONTACTED BY MRS. DAVIS IN
REFERENCE TO READING THE
INTOXILYZER RECEIPT TESTING
FORM IN HER POSSESSION.

SHE WAS IN POSSESSION OF A
INTOXILYZER TEST PERFORMED BY
THOMAS HYDE ON MR. BENJAMIN
RAMEY ON 08-30-03 AND ACCORD-
ING TO THE RESULT, THE
SUBJECT BREATH ALOCHOL CONTAIN
WAS 0.40 (DUI) AFTER ELEVEN
HOURS. THIS WAS A TEST.

15. I HAVE READ THIS STATEMENT GIVEN BY ME OR HAVE HAD IT READ TO ME, I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. I UNDERSTAND THAT MAKING A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES.

SIGNATURE OF PERSON GIVING STATEMENT

16. DATE/TIME ENDED
01/21/07

17.
PAGE / OF / PAGES

18. OFFICER OBTAINING THE SIGNATURE IN BLOCK 15:

19. PERSON WITNESSING THE SIGNATURE IN BLOCK 15:
N/A

Ex. 2

# Bryan W. Brown

**Attorney at Law**

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To:   William Bach
From:   Bryan W. Brown *Bryan Brown*
Re:   Benjamin Ramey
Date:   July 19, 2007

I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.

Ex. 3

**INOVA ALEXANDRIA HOSPITAL**

4320 Seminary Road
Alexandria, Virginia 22304

Tel 703 504-3000

April 14, 2005

To Whom It May Concern:

On September 1, 2003, Benjamin F. Ramey, history # 3702749, came into Inova Alexandria Hospital Emergency Department early morning around 4 o'clock am. Apparently, he did not stay too long in the department to be registered and seen by any doctor or nurse. Attached is a release paper with history number and date from medical records.

Thank you,

Eileen "Len" Robinos
Administrative Specialist/Cashier
Registration Department
Inova Alexandria Hospital

Patient's Name: _BENJAMIN F. RAMEY_    History #: __370274__

Social Security Number (optional): __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__    __9/1/0__

Patient's Date of Birth: __5-6-50__    Date(s) of Service: __9-1-03__

_Fairfax_ Patient's phone number: (_202_) _398-6666_    (____)

I authorize: ~~INOVA Alexandria Hospital~~ MORNING/AFTERNOON TIME    EVENING
~~4320 Seminary Road~~
~~Alexandria, Virginia 22304~~

to release or disclose the following information to:

_BENJAMIN F. RAMEY_
NAME OF PERSON, PHYSICIAN OR AGENCY TO RECEIVE INFORMATION    (FAX NUMBER FOR PHYSICIAN OFFICE ONLY)

_4251 CLAY ST. N.E._
STREET ADDRESS    CITY    STATE    ZIP CODE

**Information to be Released / Disclosed:**
- ☑ Emergency Record
- ☐ Face Sheet
- ☐ Discharge Summary
- ☐ Psychiatric Admit Note
- ☐ Psychiatric Evaluation
- ☐ Consultation

- ☐ X-ray Report
- ☐ Progress Notes
- ☐ Lab / EKG
- ☐ Operative Report
- ☐ Physician Orders
- ☐ Other _____

- ☐ Billing Information
- ☐ Substance Abuse Records
- ☐ Plan of Care (HH)
- ☐ Complete Health Record
- ☐ Medical Abstract
- ☐ X-ray Films/CD

**Purposes:**
- ☐ Medical Follow-Up
- ☐ Attorney

- ☐ Individual use
- ☐ Disability

- ☐ Insurance
- ☐ Other _____

**Patient advised of charges:**    ☐ Yes    ☐ No    ☐ N/A

☐ I prefer to pick up records    ☐ I wish to review records (by appointment only)

I understand that if the person or agency that receives my information is not a health care provider or health plan covered by the HIPAA privacy regulations, the information described above may be redisclosed and is no longer protected by these regulations.

I understand written notification is necessary to cancel this authorization and can be addressed to the department listed at the top of this form. I am aware that my cancellation will not be effective as to disclosures already made in reference to this authorization.

I understand Inova Health System may not condition treatment on my decision to sign this authorization.

I understand that this disclosure may include information regarding drug abuse, alcoholism, or alcohol abuse, psychiatric or mental illness, Acquired Immunodeficiency Syndrome (AIDS) or infection with HIV regulated by Federal Statute (42 CFR Part 2).

_Benjamin F. Ramey_    _4/13/05_
4-13-05    SIGNATURE OF PATIENT OR REPRESENTATIVE    DATE (This authorization will expire 6 months after date signed)

_Investigator Jacquelyn Laine_
NAME OF PERSONAL REPRESENTATIVE (IF APPLICABLE)    RELATIONSHIP TO PATIENT

**INOVA HEALTH SYSTEM**
# AUTHORIZATION TO RELEASE / DISCLOSE
# PROTECTED HEALTH INFORMATION