IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>POTOMAC ELECTRIC POWER )<br>COMPANY, )<br>)<br>  Defendant. ) | No. 07-2132 (RJL) |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO STRIKE**

Defendant Potomac Electric Power Company ("Pepco") submits its reply brief in support of its motion to strike.

Plaintiff's opposition fails to identify any basis for denying Pepco the relief that it seeks through its motion to strike. Plaintiff offers nothing in his opposition but a regurgitation of his previously-rejected challenges to his 2003 reasonable suspicion alcohol testing,[1] and baseless and offensive attacks on Pepco, Pepco's counsel, and the judges and arbitrators who have ruled on his grievances and claims. Plaintiff, for instance, asserts in his opposition that "the arbitrators were corrupted," that everyone in every tribunal was part of the conspiracy to discredit Plaintiff," and that Pepco's counsel "continue [sic] to ly, [sic] mislead and down play." See Opp. at 1-2. These and the other offensive and baseless attacks by Plaintiff have no place in briefing filed in federal court and should be stricken. See McCreary v. Heath, 2005 WL 975736, * 2 (D.D.C. Apr. 22, 2005) (pro se plaintiff sanctioned and enjoined from making further filings as a consequence of repeated filings and escalating rhetoric and baseless accusations, including

---

[1] In addition to the jumble of exhibits attached to his "Motion to Discontinue," Plaintiff offers an additional exhibit in support of his motion. Like each of his other exhibits, this incomplete handwritten note is not admissible and should not be considered in ruling on the motion to strike because it is not properly authenticated and constitutes and contains inadmissible hearsay.

allegations that counsel for the defendant had committed perjury and fraud before the court);[2] see also Fed. R. Civ. P. 11.

With respect to the merits of Pepco's arguments concerning his "Motion to Discontinue," Plaintiff merely offers the nonsensical and internally inconsistent argument that:

> Plaintiff's Motion for Defendants to Discontinue Defamation of Character was not meant to be an amended complaint. The Court ordered that Plaintiff file any motion related to wrongful termination . . . in District Court under (RJL), but if counsel [sic] motion to strike is dismissed, Plaintiff will file in Sup. Ct.

Opp. at 3.

Any claims or motions challenging the representations of Pepco or its counsel in its pleadings and papers filed in the pending litigation should be asserted through a proper motion in the federal proceeding in which they were allegedly made.[3] Plaintiff recognized this limitation in his opposition,[4] and suggested that he would not file a separate proceeding against Pepco or its counsel unless the Court granted Pepco's motion to strike. See Opp. at 1, 3. Nevertheless, on the same day that he filed his opposition, Plaintiff filed yet another lawsuit in Superior Court that

---

[2] See also Forti v. W.C. & A.N. Miller Dev. Co., 2006 WL 3191233, *1 (D.D.C. Nov. 2, 2006) (sanctioning plaintiff for, among other things, baseless allegations of fraud on the court and conspiracy by defendant and counsel).

[3] As Pepco explained in its motion to dismiss and its motion to strike and will explain in its motion for sanctions, it is Pepco's firm position that there are no legally viable claims available to Plaintiff for challenging his reasonable suspicion alcohol testing or the alleged misconduct of Pepco or its counsel in the pending litigation, and that his continued filings violate his obligations under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff may not flout the Federal Rules and Local Rules and his obligations under Rule 11 by filing lawsuit after lawsuit and motion after motion reasserting the same previously-dismissed claims. See, e.g., McCreary, 2005 WL 975736 at *2 (barring pro se plaintiff who filed numerous lawsuits and motions after his claims had been dismissed and who resorted to hyperbole and fictitious allegations from filing further claims and motions absent leave of court).

[4] Plaintiff represents to the Court in his opposition that "the Court ordered that Plaintiff file any motion related to [his wrongful termination case] to file in District Court under (RJL)." Opp. at 3.

parrots the very same allegations in his "Motion to Discontinue" and other lawsuits he has filed against Pepco and its counsel.  See Ex. A.

Consequently, Plaintiff's "Motion to Discontinue" should be stricken, and Plaintiff should be directed to file any additional claims against Pepco or its counsel through a proper motion filed in this case or the case styled Ramey v. Potomac Elec. Power Co., No. 07-2340 (RJL) (alleging violations of the Motor Carrier Act).

              Respectfully submitted,

                 /s/
              Connie N. Bertram (Bar No. 435840)
              Winston & Strawn LLP
              1700 K St., NW
              Washington, D.C. 20006
              (202) 282-5000
              (202) 282-5100 (fax)

              Jill D. Flack (Bar No. 420020)
              Associate General Counsel
              Potomac Electric Power Company
              701 9th Street, NW
              Washington, D.C. 20068
              (202) 872-2756
              (202) 872-3281 (fax)

              Counsel for Defendant

February 12, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of February 2008, I caused a true and correct copy of the foregoing Defendant's Reply Brief in Support of Its Motion to Strike to be served by first class mail, postage prepaid, on the following:

>Benjamin Ramey
>4251 Clay Street, NE
>Washington, DC 20019

/s/
Connie N. Bertram

DC:546866.1

Case No. 07-2132 (RJL)

# Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FEB 0 4 2008

BENJAMIN RAMEY
    Vs.                                           C.A. No.    2008 CA 000822 B
WINSTON AND STRAWN, LLP

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                   Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:   February 1, 2008
Initial Conference: 9:30 am, Friday, May 23, 2008
Location:   Courtroom 112
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

BENJAMIN RAMEY

*Plaintiff*

vs.                                                    Civil Action No. 0000822-08

WINSTON + STRAWN LLP

*Defendant*

### SUMMONS

To the above named Defendant:

  You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

  You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

BENJAMIN RAMEY
Name of Plaintiff's Attorney

4251 CLAY ST. N.E.
Address

WASH. D.C. 20019

(202) 213-8154
Telephone

By _____
Deputy Clerk

Date ~~January 31, 2008~~ 02/01/08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

BENJAMIN RAMEY PRO-SE
4251 CLAY ST. N.E.
WASH. D.C., 20019

*Plaintiff*

vs.

WINSTON + STRAWN LLP
CONNIE BERTRAM
1700 K ST. N.W.
WASH. D.C., 20006

*Defendants*

CIVIL ACTION No. 0000822-08

RECEIVED
Civil Clerk's Office
FEB 0 1 2008
Superior Court of the
District of Columbia
Washington, D.C.

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

SEE ATTACHMENTS

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 5,000,000.00 with interest and costs.

Phone: (202) 213-8154

DISTRICT OF COLUMBIA, SS

BENJAMIN RAMEY, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

_Benjamin Ramey_
(Plaintiff / Agent)

Subscribed and sworn to before me this 31st day of January 20 08.

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

BENJAMIN RAMEY PRO-SE,
4251 CLAY ST. N.E.
WASH. D.C., 20019
   PLAINTIFF,

0000822-08

V.

WINSTON + STRAWN LLP,
CONNIE BERTRAM, ESQ.,
1700 K ST. N.W.
WASH. D.C., 20006,
   DEFENDANT.

## COMPLAINT

## DEFAMATION OF CHARATER

1. FOR ALMOST 4 YEARS AND STILL TODAY, PLAINTIFF, BENJAMIN RAMEY HAS BEEN ACCUSED OF BEING AN ALCOHOLIC BY HIS FORMER EMPLOYER, POTOMAC ELECTRIC POWER COMPANY (PEPCO), WITH THE DISHONEST CONSISTANT SUPPORT OF COUNSEL, BERTRAM.

2. PLAINTIFF WAS TERMINATED ON NOV. 04 AFTER 13 YEARS OF SERVICE WITH PEPCO AND HAS YET BEEN ABLE TO ESTABLISH A CAREER SIMULAR OR CLOSE.

3. FROM START UNTIL TODAY PLAINTIFF HAS BEEN DEMONSTRATING HIS INNOCENSE IN NUMEROUS LITIGATIONS, BUT COUNSEL PREVAILED, EVEN THOUGH PLAINTIFF SHOWED PROOF.

4. COUNSEL HAD FIRST HAND KNOWLEDGE THAT PLAINTIFF'S ALCOHOL TEST WAS ALTERED AND FOR THAT REASON, IT SHOULD HAVE BEEN HER RESPONSIBILITY TO INVESTIGATE PLAINTIFF'S ALLEGATIONS BEFORE SHE CONTINUED TO DEFAME PLAINTIFF'S CHARATER, BUT SHE CHOSE NOT TO DO SO, FOR THE BEST, FOR HER CLIENT, PEPCO.

5. PLAINTIFF HAS TAKEN A SERIOUS OF LOST FOR THE DEFAME OF HIS CHARATER, MAINLY HIS HOME OF 9 YEARS, OF WHICH HE HAS TO VACATE ON FEB. 22, 2008.

6. Counsel aggressively disputed Plaintiff's evidence by misleading the courts after having knowledge that the alcohol test was altered to discredit Plaintiff's claims against Pepco. For nearly 4 years Plaintiff has suffered a great deal and Counsel is fully responsible and need to be held accountable.

7. Through the years and most recently, Counsel is still representing false allegations, knowingly and willingly to protect Pepco.

8. Pepco is a very large corporation that houses investigators, so there is no excuse for Counsel's behavior.

Ex. 1, Test form, that Counsel had knowledge of as altered and continued to defame Plaintiff's character.

Ex. 2, Break down of that test concluded by an expert on alcohol testing.

## DEMAND

Plaintiff request to be compensated for compensatory and punitive damages in the amount of 5,000,000.00.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing motion to be served by first class mail, postage pre-paid on the 31 day of Jan. 2008 on the following:

Connie Bertram, Esq.
1700 K St. N.W.
Wash. D.C., 20006

Respectfully submitted,
Benjamin Ramey
Benjamin Ramey
4251 Clay St. N.E.
Wash. D.C., 20019
(202) 213-8154

Ex. 1

# Alcohol Testing Form

(The instructions for completing this form are on the back of Copy 3)

## STEP 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN

A. Employee Name: **BENJAMIN F. RAMEY**
(PRINT) (First, M.I., Last)

B. SSN or Employee ID No.: **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**

C. Employer Name: **PEPCO**
Street: **701 9TH ST NW**
City, ST ZIP: **WASHINGTON DC 20001**

DER Name and Telephone No.: **NEGUSSIE BIRBATU**     **(202) 872-36__**
DER Name                                              DER Phone Number

D. Reason For Test: ☐ Random ☒ Reasonable Susp ☐ Post-Accident ☐ Return to Duty ☐ Follow-up ☐ Pre-employment

## STEP 2: TO BE COMPLETED BY EMPLOYEE

I certify that I am about to submit to alcohol testing and that the identifying information provided on the form is true and correct.

Signature of Employee: *[signed] Benjamin F. Ramey*     Date: 8 / 30 / 0_

## STEP 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN

(The technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN: ☒ SAT ☐ STT     DEVICE: ☐ SALIVA ☒ BREATH* ☐ 15-Minute Wait: ☐ Yes ☐ No

SCREENING TEST: (For BREATH DEVICE* write in the space below *only* if the testing device is *not* designed to *print*.

| Test # | Testing Device Name | Device Serial # OR Lot # & Exp Date | Activation Time | Reading Time | Result |
|---|---|---|---|---|---|

CONFIRMATION TEST: Results MUST be affixed to each copy of this form or printed directly onto the form.

Remarks: _____

Alcohol Technician's Company: **Alco American Drug Testing**
Company Street Address: **13615 BENT TREE CIRCLE**
(PRINT) Alcohol Technician's Name: **THOMAS HYDE**
Company City, State, Zip: **CENTREVILLE, VA 20121**    Phone Number: **703-802-22__**

Signature of Alcohol Technician: *[signed]*     Date: 8 / 30 / 0_

## STEP 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER

...tify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I understand ... I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are 0.02 or greater.

Signature of Employee: *[signed] Benjamin F. Ramey*     Date: 8 / 30 / 0_

---

```
BREATHALYZER 7410
SERIAL #  : ARHK-103

BREATHALYZER PRINTER
SERIAL #  : ARHL-049_
PRINTER LOG #: 00500

MM.DD.YY HH:MM
08.30.03 11:09

************************
* TEST NUMBER: 01252
*
* AIR-BLANK TEST:
*     0.000 PERCENT BA
*
* BREATH TEST:
*     0.070 PERCENT BA
************************
DATA ACCEPTED :

BREATHALYZER 7410
SERIAL #  : ARHK-1031

BREATHALYZER PRINTER
SERIAL #  : ARHL-0498
PRINTER LOG #: 00502

MM.DD.YY HH:MM
08.30.03 11:32

************************
* TEST NUMBER: 01253
*
* AIR-BLANK TEST:
*     0.000 PERCENT BAC
*
* BREATH TEST:
*     0.065 PERCENT BAC
************************
DRY-GAS ACCURACY TEST

BREATHALYZER 7410
SERIAL #  : ARHK-1031
TEST #    : 01254

BREATHALYZER PRINTER
SERIAL #  : ARHL-0498
PRINTER LOG #: 00503

MM.DD.YY HH:MM
08.30.03 11:59

************************
* LABELED BAC VALUE:    *
*     0.040 PERCENT BAC *
*                       *
* CORRECTED BAC VALUE:  *
*     0.040 PERCENT BAC *
*                       *
* ACCURACY TEST RESULT: *
*     0.039 PERCENT BAC *
************************
TECHNICIAN SIGNATURE:
[signed] Thomas Hyde
```

Ex. 2



# Bryan W. Brown
Attorney at Law

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To:   William Bach
From: Bryan W. Brown
Re:   Benjamin Ramey
Date: July 19, 2007

I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.