IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY,
    PLAINTIFF,

V.

POTOMAC ELECTRIC POWER
COMPANY,
    DEFENDANT.

No. 07-2132 (RJL)

## PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S MOTION TO STRIKE

COUNSEL'S REPLY BRIEF FAILS TO IDENTIFY ANY BASIC FOR GRANTING THE RELIEF THAT IT SEEKS THROUGH ITS MOTION TO STRIKE. PLAINTIFF OFFERS PROOF OF THE TRUTH REGARDLESS OF THE RULINGS IN OTHER TRIBUNALS. COUNSEL HAVE FIRST HAND KNOWLEDGE THAT PLAINTIFF WAS CONSPIRED AGAINST TO PROTECT PEPCO FROM THE CLAIM OF KIDNAP THAT PLAINTIFF FILED. PLAINTIFF WAS AMBUSHED BY DECIETFUL TACTICS TO TERMINATE HIM AND DEFAME HIS CHARACTER. COUNSEL TOO OFTEN CRITICIZE PLAINTIFF'S ATTACKS ON PEPCO, AS IF THE ALLEGATIONS ARE FALSE, BUT FAIL TO REALIZE THAT PLAINTIFF IS DETERMINE TO STAND FIRM ON THE TRUTH WHILE SUFFERING THE HARDSHIP FROM THE MENTAL ANGUISH THAT WAS CAUSED BY THE DEFENDANT. PLAINTIFF HAVE BEEN PROTESTING OVER FOUR YEARS, OF HIS INNOCENCE TO REPAIR HIS LIFE, FROM THE REJECTIONS OF BEING LABLED AS AN ALCOHOLIC AND STILL TODAY, EVEN HAVING FORENSIC EVIDENCE FROM AN EXPERT, THAT THE COURT DEPEND ON, COUNSEL CONTINUE TO DEFAME PLAINTIFF'S CHARACTER AND AMEND HER CLIENT FOR WRONGDOING. COUNSEL SHOULD NOT BE ALLOWED TO PRACTICE LAW WHEN KNOWING THE TRUTH, BUT TRY TO COVER UP, BY LYING TO THE COURT. ATTY. GUSSMAN WHO ONCE WORKED WITH COUNSEL ON THIS CASE TOLD INVESTIGATOR, MS. DAVIS AND PLAINTIFF, "WHY SHOULD WE SEARCH FOR THE TRUTH WHEN IT COULD BE TO OUR CLIENTS DISADVANTAGE, WHEN MS. DAVIS SHOWED PROOF OF THE TEST BEING ALTERED AND ASK HIM TO INVESTIGATE IT. ATTY. DELORME WHO ALSO WORKED WITH COUNSEL ON THIS CASE TOLD MS. DAVIS THAT IF 0.40 ON THE TEST FORM WAS A TEST AND NOT A CALIBRATION, HIS CLIENT, PEPCO WOULD HAVE TO LOOK AT EVERYTHING DIFFERENT, BUT ATTY. BERTRAM PREFER TO PREVAIL BY LYING AND MISLEADING THE COURT. ATTY. FLACK ADMITTED IN AN ARBITRATION HEARING THAT ALCOHOL TECHNICIAN, MR. HYDE WAS NOT CERTIFIED, BUT COUNSEL'S CONTINUED TO PREVAIL. JUDGE RETCHEM PLACED A PERMANANT GAG ORDER ON PLAINTIFF FOR LACK OF EVIDENCE AND LIES.

**RECEIVED**

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEFENDANT, PEPCO AND LAWSUIT FILED ON WINSTON + STRAWN LLP BY PLAINTIFF ARE SEPARATE AND SHOULD NOT BE JOINED. V.P., ERNEST JENKINS FOR PEPCO MADE AN APPOINTMENT TO MEET WITH MS. DAVIS AFTER A PHONE CONVERSATION, BUT COUNSEL INTERVENED. ALL DEFENDANTS (PLAYERS) INVOLVED WITH THIS CASE DIRECTLY ADMITTED GUILT IN THE TRANSCRIPT AND PEPCO STILL PREVAILED BECAUSE COUNSEL REFUSES TO COME CLEAN. ALL OF THE PLAYERS ARE PRESENTLY UNEMPLOYED BY PEPCO, SO THE LAWFIRM IS MORE RESPONSIBLE FOR DEFAMATION OF PLAINTIFF'S CHARACTER AND SHOULD NOT BE STRIKEN.

BEING WRONGFULLY LABLED AS A DRUNK BY COUNSEL, WHEN EVIDENCE DISPUTES IS REPREHENSIBLE AND FOR THAT REASON IS WHY PLAINTIFF SUFFERED THE LOST OF EMPLOYMENT, GRANDKIDS IN FOSTER CARE, FAMILY, FRIENDS, SAVINGS, 12 YRS. OF 401-K, INSURANCE, VEHICAL AND HOME OF 9 YRS. COUNSEL'S ONLY DEFENSE ARE THE RULINGS IN OTHER TRIBUNALS THAT DISGARDED PLAINTIFF'S EVIDENCE. PLAINTIFF RESPECTFULLY REQUEST THE COURT TO DENY DEFENDANTS MOTION TO STRIKE.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEB. 19TH 2008, I CAUSED A TRUE AND CORRECT COPY OF THE FOREGOING MOTION TO DENY DEFENDANTS MOTION TO STRIKE BE MAILED FIRST CLASS POSTAGE PRE-PAID ON THE FOLLOWING:

CONNIE BERTRAM
1700 K ST. N.W.
WASH. D.C., 20006

RESPECTFULLY SUBMITTED,
*Benjamin Ramey*
BENJAMIN RAMEY
4251 CLAY ST. N.E.
WASH. D.C., 20019