IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY,
PLAINTIFF,

V.

POTOMAC ELECTRIC POWER
COMPANY,
DEFENDANT.

**RECEIVED**
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NO. 07-2132 (RJL)

PLAINTIFF'S OPPOSITION MOTION
IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

1. INTRODUCTION

Over the last four years, PEPCO, its employee's whom no longer are employed by PEPCO and PEPCO Counsel's has labled Plaintiff as a alcoholic, destoyed his life and caused great mental anguish upon him without an explination to justify their outrageous behavior, other than the rulings of the arbitrators, whom destroyed the tapes of the hearing that Plaintiff has a witness to testify of," the ALJ Govan for Workers Compensation that intentional omitted evidence from the record filed to the Court of Appeals, Judge Wright's dismissal because counsel lied that she was not properly served and Judge Retchem who erred by being misleaded by counsel and for that reason is why the Court of Appeals wants to hear the case.

Every lawsuit Plaintiff filed on PEPCO and its attorney's is the intentions of bringing closure in a court of law, because its been proven by testimony from defendant's that the alcohol technician was only license in Virginia, the court has transtript. Plaintiff is bound by DOT testing, court has transtript. A DOT agents letter that PEPCO violated DOT Policy, the court has the letter and a expert on alcohol testing which concluded that the test was forensically invalid, the court has that letter.

Counsel filed motion for sanctions and even sent Plaintiff a letter unsigned threating him to voluntarily dismiss his claims and withdraw, motion to discontinue or be sanctioned, Ex. 1.

Counsel continue to omit the date of motion filed when mailed to Plaintiff and the court need to know.

1. One arbitrator concluded that DOT was established, but destroyed the tape.

2. Atty. Flack admitted that Hyde was not license, in the arbitration hearing.

3. Defendant, Duarte testified plaintiff was bound by DOT.

4. Technician, Hyde testified he was license in Virginia, but an investigator discovered that he was not license nor certified in the Metropolitan Area and the certificate counsel submitted was bogus.

5. The ALJ, Govan excepted plaintiff's key witness, Loman Dudley's as a credible witness when he said that everyone in the car was levelhead, joking around.

6. Defendant, Negussie testified that there were consequences for plaintiff, but never stated.

7. The ALJ, Govan allowed O'Connell, Pepco's atty. to lead his witness, Hyde to change his testimony from 0.40 being a test to a calibration.

All of the testimonies from defendants and evidence submitted to the court and Judge Retchem signifies that plaintiff was victimized, but yet counsel want plaintiff to voluntarily dismiss his claims after the mental anguish caused by defendant. Plaintiff has lost everything in fighting for the truth and justice, even being homeless in the process. Counsel has no one that will testify to dispute plaintiff's evidence and witnesses, because she know for a fact that her client was liable. Every lawsuit filed on Pepco, its employees, its counsel and different agencies had everything to do with plaintiff being wrongfully terminated and wrongfully labled as a alcoholic. No one took time to obtain an expert opinion of the test, "that plaintiff disputed from day one," before labling him as a alcoholic and today still after the conclusion of the test from an expert, counsel continue to lable plaintiff as a drunk. Counsel need to be sanctioned for misleading the court.

## Conclusion

All testimonies and evidence indicate that counsel should not be granted sanctions. And for those reasons, plaintiff respectfully request the court to deny defendants motion for sanctions.

## Certificate of Service

I certify that on Feb. 25th 2008 that I caused a true and correct copy of the foregoing motion to be mailed first class postage pre-paid on the following:

Connie Bertram
1700 K St. N.W.
Wash. D.C., 20006

Respectfully submitted,
Benjamin Ramey
Benjamin Ramey

Ex. 1

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>99 GRESHAM STREET<br>LONDON EC2V 7NG<br><br>CONNIE N. BERTRAM<br>(202) 282-5847<br>cbertram@winston.com | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817<br><br>(202) 282-5000<br><br>FACSIMILE (202) 282-5100<br><br>www.winston.com | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543<br><br>200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>25 AVENUE MARCEAU<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-589 |

February 15, 2007

**BY FIRST CLASS MAIL**

Benjamin Ramey
4251 Clay Street, NE
Washington, D.C. 200019

Re:   Ramey v. Potomac Electric Power Company
      Case No. 07-2132 (RJL)

Dear Mr. Ramey:

I am writing on behalf of Potomac Electric Power Company ("Pepco") to address your continued pursuit of baseless litigation and claims against Pepco and your false and offensive attacks against Pepco and its counsel in your lawsuits pending in federal District Court in the District of Columbia.

Pepco is prepared to file a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority. As you are aware, Pepco has asked the courts to dismiss your pending cases and to strike your "Motion for Defendant to Discontinue" in its entirety. As part of the relief sought by Pepco in its motion for sanctions, Pepco will reassert these requests, request monetary sanctions, and will also request that the Court take action to restrain you from continuing to harass Pepco by filing frivolous and baseless claims against it. Pepco requests that you voluntarily dismiss your pending claims against Pepco and its counsel, and withdraw your Motion to Discontinue by March 7, 2008 in order to avoid the imposition of sanctions against you.

As required by Rule 11, this letter provides you with notice that Pepco intends to file the attached motion for sanctions if you do not voluntarily dismiss your claims and withdraw your Motion to Discontinue by March 7, 2008. Although we are loathe to pursue a motion for sanctions, we will be compelled to undertake such action unless you comply with these obligations.