**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENJAMIN RAMEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        No. 07-2132 (RJL) |
| | ) |
| POTOMAC ELECTRIC POWER | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MOTION TO EXPOSE"**

Defendant Potomac Electric Power Co. ("Pepco") files its opposition to Plaintiff's

"Motion to Expose Defendant's Outrageous Behavior As Similar."

**I.      INTRODUCTION**

Plaintiff's most recent motion in his endless parade of filings fails, like each and every

one before it, to assert a single argument grounded in fact or law.  As with Plaintiff's prior

filings, this motion parrots the allegations in his many lawsuits against Pepco and its counsel.

Plaintiff once again accuses Pepco and its counsel of "lying" to the Court, and of altering his

Breathalyzer test results.  As Pepco established in its briefing in support of its motion to dismiss

and its motion to strike Plaintiff's "motion to discontinue," these factual assertions have been

rejected by each and every tribunal that has considered them and are barred by the doctrine of

collateral estoppel.

In an attempt to resurrect these previously-rejected allegations, Plaintiff now attaches a

copy of a newspaper article discussing an entirely unrelated case against Pepco, contending that

it somehow evidences Pepco's "track record."  This so-called "evidence" is entirely irrelevant and

inadmissible and cannot be used by Plaintiff to avoid the dismissal of his baseless, previously-

rejected claims and allegations.  Consequently, Plaintiff's "motion to expose" should be denied,

Pepco's motion to dismiss should be granted, and the wrongful discharge claim asserted in this case should – like each and every other claim of Plaintiff – be dismissed with prejudice.

## II.     ARGUMENT

Plaintiff's bald, unsupported allegations that Pepco has been "lying" to the courts and altered his test results are demonstrably false and are precluded by the doctrine of collateral estoppel.  As Pepco has repeatedly demonstrated, multiple tribunals have rejected Plaintiff's claims that Pepco and its counsel lied, or fabricated, altered, and otherwise misrepresented the results of his 2003 blood-alcohol test.  See MTD Mem. at 1-3, 12-16; see also MTS Mem. at 1-3. Indeed, every tribunal that has heard Plaintiff's claims has ruled that:  (1) Plaintiff was intoxicated at work; (2) Pepco properly administered its reasonable suspicion alcohol test; (3) his termination was justified; and/or (4) Pepco did not alter or manufacture his test results.  MTD Mem. at 1-3.

In support of these rejected claims, Plaintiff now offers a newspaper article discussing a case brought against Pepco by other employees of the company.  Plaintiff offers the article to establish a pattern or, as he calls it, a "track record" of conduct on the part Pepco.[1]  It is entirely unclear how this so-called "evidence" is relevant in any way to the wrongful discharge claim asserted in this lawsuit or the issues raised in the pending motions to dismiss and to strike. Moreover, as explained below, the admission of the article and any evidence concerning the case discussed in it is barred by the Federal Rules of Evidence.

---

[1] Plaintiff's proffered "evidence" in support of his motion simply does not establish a "track record" of any sort.  The article makes reference to a single determination by a jury in an unrelated proceeding that involved entirely distinct allegations by different employees in a different job classification concerning events that occurred years after the job action challenged by Plaintiff in this case.  As noted above, the only "track record" established in these proceedings is that Pepco *lawfully and validly* tested, disciplined, and terminated Plaintiff.

Plaintiff's evidence is entirely irrelevant to his claim for wrongful discharge. Because the ultimate issue is whether *Plaintiff* was wrongfully discharged, evidence will only be relevant if it bears on whether *Plaintiff* was terminated in violation of a clear mandate of public policy. See Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991); Carl v. Children's Hosp., 702 A.2d 159, 164 (D.C. 1997). As Pepco established in its pending motions, Plaintiff cannot satisfy this burden because his claims are procedurally barred and precluded by the numerous prior factual and legal findings against him. However, even if there was not a long line of rulings finding that his testing and termination were proper and justified, Plaintiff could not rely on *other* incidents involving *other* employees and *other* decision-makers at *other* times to attempt to prove that his own termination was wrongful.[2] Such evidence simply is not relevant under Rule 401.

The admission of this so-called "evidence" is also barred by Rule 404(b). It is Plaintiff's position that, because there were findings against Pepco in one case, Pepco must have acted wrongfully when it terminated Plaintiff four years ago. As Plaintiff himself states, his "only intention in filing [his motion] is to make the court aware of the Defendant's track record." Mot. at ¶ 2. Because, as Plaintiff himself recognizes, he offers this evidence to attempt to prove a supposed propensity to engage in "bad acts," it is inadmissible under Rule 404(b). Fed. R. Evid. 404(b) ("evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"); see also United States v. Bowie, 232

---

[2] As the Supreme Court recently noted in Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2169-70 (2007), when the intent of a decision-maker is at issue, a plaintiff cannot "rel[y] on the intent associated with other decisions made by other persons at other times." See also Wyvill v. United Cos. Life. Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000) ("This court and others have held that testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time . . . cannot be probative of whether age was a determinative factor in the plaintiff's discharge").

F.3d 923, 930 (D.C. Cir. 2000).[3]

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Pepco respectfully requests that the Court enter an order

denying Plaintiff's motion and striking his "evidence" submitted in support of it.

Respectfully submitted,

<u>                   /s/                   </u>
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

---

[3] Plaintiff's evidence also should be excluded because it is unduly prejudicial.  Plaintiff's evidence, which is entirely devoid of probative value, creates an unreasonable risk that Pepco will be punished for conduct directed at different employees in different circumstances and at a different time.  As the courts have recognized, forcing an employer to defend against a "fictional composite" plaintiff such as that invoked by Plaintiff's evidence, is procedurally unfair and precluded by Rule 403.  <u>See</u> <u>Broussard v. Meineke Discount Muffler Shops, Inc.</u>, 155 F.3d 331, 345 (4th Cir. 1998); <u>Robinson v. Sheriff of Cook County</u>, 167 F.3d 1155, 1157 (11th Cir. 1999).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 27th day of February 2008, I caused a true and correct copy of

the foregoing Motion for Sanctions and Memorandum in Support to be served by first class mail,

postage prepaid, on the following:

Benjamin Ramey
4251 Clay Street, NE
Washington, DC 20019


_____/s/_____
Connie N. Bertram