**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BENJAMIN RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2132 (RJL) |
| | ) | |
| POTOMAC ELECTRIC POWER | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SANCTIONS**

Defendant Potomac Electric Power Company ("Pepco") hereby submits its reply brief in support of its motion for sanctions.

**I.    INTRODUCTION**

Plaintiff's opposition fails to respond in any meaningful way to Pepco's clear showing that Plaintiff should be sanctioned and enjoined from filing further papers, pleadings, or lawsuits against Pepco or its employees or counsel.

Pepco established in its motion that Plaintiff's conduct warrants – and in fact requires – sanctions for three distinct and alternative reasons. First, each of Plaintiff's many filings in this and other tribunals consist of false and meritless claims and allegations that are barred by the doctrine of collateral estoppel. Second, Plaintiff has interposed filing after filing and case after case solely to burden and harass Pepco and somehow extract a settlement from it. Third, Plaintiff's filings are replete with unfounded and scandalous attacks against Pepco and its employees and counsel, and the various arbitrators and judges who have ruled against him.

Rather than respond to any of these showings, Plaintiff chose in his opposition to resort to his usual tactic of repeating stale allegations and lodging further personal attacks. Plaintiff

concedes in his opposition that his prior claims, allegations and evidence have been repeatedly rejected in prior proceedings.  Plaintiff, who can offer nothing more than the feeble assertion that he is seeking "closure," does not even attempt to challenge Pepco's showing that he is acting in bad faith and with an improper motive.  Although it is unfortunate that Pepco has been forced to expend additional resources pursing its motion, it is clear that nothing short of the imposition of sanctions and injunctive relief will protect it from Plaintiff's blatant and continued disregard for the Rules of this Court.

## II.    ARGUMENT

### A.    Plaintiff Does Not Oppose Pepco's Showing That His Claims And Allegations Are False, Legally Untenable, And Entirely Frivolous

As Pepco has demonstrated, Plaintiff's entire claim, and *every* allegation in *each* of his filings, have been dismissed as meritless and are therefore precluded by the doctrine of collateral estoppel.  See MFS Mem. at 7-9[1]; see also MTD Mem. at 12-16.  Plaintiff does not even attempt to respond to this showing.[2]  Instead, Plaintiff merely reasserts the same allegations that he has parroted in every one of his previously dismissed cases.  Plaintiff, for example, once again (1) accuses Pepco of falsely labeling him as an alcoholic; (2) repeats his allegations that his Breathalyzer test was administered by an unlicensed technician, was forensically invalid, and violated DOT regulations; and (3) accuses Pepco's counsel of lying.  Opp. at 1.  These offerings fail to provide any grounds for denying Pepco the relief sought in its motion.

---

[1] Pepco's memorandum in support of its motion for sanctions is cited as "MFS Mem."  Pepco's memorandum in support of its motion to dismiss is cited as "MTD Mem."

[2] Plaintiff's wholesale failure to respond to Pepco's showing that his claims are precluded by collateral estoppel amounts to a concession of this point, mandating the imposition of sanctions under Rule 11.  Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("if the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded"); United States v. Real Prop. Parcel 03179-005R, 287 F. Supp. 2d 45, 61-62 (D.D.C. 2003) (failure to address argument equates to concession under the Local Civil Rule 7(b)).

Indeed, Plaintiff's "opposition" does nothing but reinforce Pepco's showing that this Court should sanction Plaintiff. These meritless and rejected contentions are the very basis for Pepco's motion. As this Court has repeatedly held, when a plaintiff reasserts arguments that have been previously rejected and "present[s] a battery of frivolous legal arguments," Rule 11 sanctions are ***required***. Reynolds v. U.S. Capitol Police Bd., 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (Leon, J.) (sanctioning plaintiff for his calculating indifference to prior rulings against him); see also Forti v. W.C. & A.N. Miller Dev. Co., 2006 WL 3191233 (D.D.C. Nov. 2, 2006) (pro se plaintiff sanctioned for mischaracterizing facts and filing complaints plainly barred by preclusive doctrines and settled decisions against her). It is obvious that unless and until this Court intervenes and imposes sanctions, Plaintiff will continue his endless campaign of reasserting these allegations and claims.

**B.    Plaintiff Fails To Rebut Pepco's Clear Showing That He Filed And Continues To File For Improper Purposes**

Pepco also established in its motion that Plaintiff violated Rule 11 by filing his lawsuits and motions for entirely invalid purposes. MFS Mem. at 9-10. Plaintiff fails in his opposition to rebut this showing or establish any valid purpose for his filings.

As Pepco demonstrated, Plaintiff's innumerable filings evince a concerted effort by Plaintiff to burden and harass Pepco and to attempt to force it to settle his meritless claims. MFS at 9-10, Exs. G-H. These purposes plainly violate Rule 11. See, e.g., McLaughlin v. Bradlee, 602 F. Supp. 1412, 1417-18 (D.D.C. 1985) ("when the preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or the bad faith in which it was brought may become especially apparent"), aff'd 803 F.2d 1197 (D.C. Cir. 1986).

Plaintiff's sole opposition is that his lawsuits against Pepco and its counsel serve a valid purpose because he brought "every lawsuit . . . . [with] the intentions [sic] of bringing closure in

a court of law."  Opp. at 1.  A disgruntled employee's attempts at "closure," however, do not constitute a valid purpose for filing suit.  Moreover, there is no question that Plaintiff has had ample "closure."  Every claim that Plaintiff has brought against Pepco and its employees and counsel has been closed through dismissal.  MFS Mem. at 7-9; MTD Mem. at 12-16.

Plaintiff fails to refute Pepco's showing that his groundless filings are aimed solely at entrenching Pepco in endless re-litigation of his claims.  Indeed, in his opposition, Plaintiff emphatically admits that the claims he now asserts are the very same claims that previously have been rejected, stating that "[*e*]*very lawsuit* filed on Pepco, its employees, its counsel and different agencies *had everything to do with Plaintiff being wrongfully terminated* and wrongfully labeled as an alcoholic."  As Pepco established, sanctions, including an injunction, are therefore appropriate.  See, e.g., Reynolds, 357 F. Supp. 2d at 25 (sanctioning plaintiff whose approach to litigation "appear[ed] to be somewhat akin to a roulette game with an endless series of spins at the wheel"); John Akridge Co. v. Travelers Cos., 944 F. Supp. 33, 34 (D.D.C. 1996) (plaintiff sanctioned and required to pay attorneys' fees for filing "improper lawsuit" that "caused precious legal resources to be spent in the litigation of a baseless suit").

### C.    Plaintiff Fails To Oppose Pepco's Showing That He Should Be Sanctioned For Making Unfounded And Scandalous Attacks In His Filings

Pepco also demonstrated in its motion that Plaintiff should be sanctioned because his filings are saturated with personal attacks against Pepco and its counsel, and the arbitrators and judges who have ruled against him.  Lacking any valid basis for opposing Pepco's showing, Plaintiff again resorts to the very same harassing and scandalous attacks.  His opposition, like all of his filings, includes a string of personal attacks against Pepco, its counsel, and Plaintiff's judges.  Plaintiff states, for example, that the arbitrators "destroyed the tapes of the hearing," that "ALJ Govan . . . intentional[ly] omitted evidence from the record," that "Judge Wright's

dismissal [was] because counsel lied," and that "Judge [Retchin] erred by being mislead by counsel." Opp. at 1. Plaintiff's conjured claims of error and conspiracy flagrantly violate Rule 11.

Thus, as Pepco showed and as Plaintiff conceded, his conduct compels an award of sanctions.

**D.    Plaintiff Does Not Oppose Pepco's Showing That Sanctions And An Injunction Against Him Are Appropriate And Necessary**

Pepco also demonstrated in its motion that injunctive relief is necessary to protect the integrity of the courts and to prevent Plaintiff's further harassment of Pepco because a lesser sanction would not deter his misconduct. MFS Mem. at 12-15. Plaintiff does not dispute that the adverse rulings against him alone are insufficient to compel him to stop filing. Indeed, Plaintiff now makes no effort to conceal his disdain for these rulings. Instead, he recasts them as the product of judges and arbitrators who have conspired against him to deny him justice and violate the law. Opp. at 1. Similarly, he reaffirms his intention to continue to file in the face of these rulings. Despite Plaintiff's admission that this lawsuit is duplicative of "[*e]very lawsuit* filed on Pepco, its employees, its counsel and different agencies," he insists that he will continue to sue Pepco and file baseless motions against it until he gets some sort of self-defined "closure" Id.

Plaintiff's wholesale disregard of the findings and rulings against him compels the issuance of the injunctive relief sought by Pepco. As this Court has recognized, "an injunction is particularly necessary . . . where the filing of additional litigation, no matter how repetitive or lacking in merit, will undoubtedly convey a message . . . that [a party] intend[s] to enmesh [its adversaries] in a web of repetitive and expensive litigation." Kaempfer v. Brown, 684 F. Supp. 319, 325 n.17 (D.D.C. 1988) (enjoining plaintiff from filing *in any forum* without leave of

district court).[3]  Thus, in addition to awarding the other sanctions mandated by Rule 11, this

Court should enjoin Plaintiff from filing any further filings or lawsuits in federal court or state

court without first obtaining the express leave of this court to make such filings.

### III.    CONCLUSION

For the foregoing reasons and the reasons set forth in Pepco's memorandum, Pepco

respectfully requests that this Court grant Pepco's motion for sanctions.

Respectfully submitted,


_____/s/_____
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

April 17, 2008

---

[3] See also McCreary v. Heath, 2005 WL 975736, *2 (D.D.C. Apr. 22, 2005) (pro se plaintiff enjoined from filing further claims and motions because he repeatedly filed rejected claims and baseless accusations, stating that he "[would] not receive his '*when*' [precluding re-litigation when a plaintiff had a full and fair opportunity to litigate] and will live the American dream to litigate and re-litigate until the plaintiff realizes his '*when*'").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of April 2008, I caused a true and correct copy of the foregoing Defendant's Reply Brief in Support of Its Motion for Sanctions to be served by first class mail, postage prepaid, on the following:

Benjamin Ramey
4251 Clay Street, NE
Washington, DC 20019

_____/s/_____
Connie N. Bertram