**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BENJAMIN RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2132 (RJL) |
| | ) | |
| POTOMAC ELECTRIC POWER | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANT'S MOTION FOR SANCTIONS**

Defendant Potomac Electric Power Company ("Pepco") submits its Notice of
Supplemental Authority to inform the Court of the recent decision in <u>Ramey v. Winston &
Strawn, LLP</u>, No. 08CA822B (D.C. Super. Ct. Apr. 30, 2008) ("<u>Ramey VII</u>"), attached hereto as
Exhibit A.  In the <u>Ramey VII</u> decision, the Superior Court dismissed with prejudice Ramey's
complaint against Pepco's counsel alleging defamation.  Pepco respectfully submits this decision
as supplemental authority in support of its Motion to Strike Ramey's "Motion for Defendant to
Discontinue" and its Motion for Sanctions, which are currently pending before the Court.  In
support of its Notice, Pepco states as follows:

1.      On January 1, 2008, Ramey filed in this case what he characterized as a "Motion
for Defendant to Discontinue (Defamation of Character)," alleging that Pepco and its counsel
"discredited" him by falsifying his breathalyzer test results and falsely accusing him of being an
alcoholic in litigation between Pepco and him.  <u>See</u> Plaintiff's Mot. to Discontinue at 1.

2.      On January 22, 2008, Pepco filed a motion to strike Ramey's Motion to
Discontinue, in which it demonstrated that:  (1) Ramey's motion did not comply with the Federal
or Local Rules and was not properly framed as a motion for summary judgment or a motion

seeking leave to amend his Complaint; (2) Ramey's allegations were absolutely barred by the doctrine of collateral estoppel and the judicial proceedings privilege; and (3) Ramey's motion should be stricken because it was impertinent, scandalous, and harassing.  <u>See</u> Defendant's Mot. to Strike at 4-7.

3.      In his Opposition to Pepco's Motion to Strike, Ramey reasserted the allegations underlying his wrongful discharge claim, and stated simply that "Plaintiff's Motion for Defendants to Discontinue Defamation of Character was not meant to be an amended complaint. The Court ordered that Plaintiff file any motion related to wrongful termination . . . in District Court under (RJL), but if counsel [sic] motion to strike is dismissed, Plaintiff will file in Sup. Ct."  <u>See</u> Plaintiff's Opp. at 3 (D.D.C. filed Feb. 1, 2008).

4.      Nevertheless, that very day, on February 1, 2008, Ramey filed a separate lawsuit – his seventh against Pepco or its counsel – in the Superior Court of the District of Columbia, asserting virtually identical and equally unsubstantiated allegations as those included in his "Motion to Discontinue."  Specifically, Ramey claimed that Pepco, its counsel, and the judges and arbitrators who have ruled against him have lied, fabricated evidence, and conspired against him in an effort to discredit him and his claims.  The Court has not yet ruled on the "Motion to Discontinue" or the Motion to Strike.

5.      On March 12, 2008, Pepco filed a Motion for Sanctions in this case.  The Motion was based, in part, on Ramey's unfounded and scandalous accusations and repeated assertion of legally and factually baseless claims, including the claims in this case and <u>Ramey VII</u>.  <u>See</u> Mot. for Sanctions at 4, 7-10.

6.      The <u>Ramey VII</u> decision is relevant to the resolution of these two motions.  In <u>Ramey VII</u>, the Superior Court of the District of Columbia dismissed Plaintiff's defamation

claim in its entirety with prejudice.  The Court held in relevant part that Plaintiff's claim of defamation was absolutely barred by the judicial proceedings privilege.  Additionally, the Court held that Ramey's claim and allegations were precluded by collateral estoppel.  As the Court noted, "plaintiff has filed eleven separate lawsuits against PEPCO and or its attorneys since the 2003 incident and at least two of plaintiff's prior lawsuits duplicate the claims raised in the instant action. . . . Defendants allege that the instant case attempts to re-litigate issues that were fully adjudicated. . . . This Court agrees."  Ramey VII, at 7.  The Superior Court thus dismissed Ramey VII, stating that "[t]he crux of plaintiff's claims in both cases is the legitimacy of the alleged factually flawed alcohol tests that PEPCO used to establish that plaintiff was intoxicated.  [This Court] has already concluded that plaintiff cannot sustain a cause of action based on this allegation.  Thus, plaintiff is barred from re-litigating the issue before this Court."  Id. at 7.

7.      As a consequence of the ruling in Ramey VII, the Court should grant Pepco's Motion to Strike and dismiss the nearly identical claims asserted in the "Motion to Discontinue." Additionally, this ruling provides further support for Pepco's Motion for Sanctions.  Ramey VII was the most recent in a long line of claims and cases that Ramey has filed against Pepco and its counsel since 2003.  In the ruling, a Court yet again – for at least the fifth time – dismissed with prejudice his baseless and previously dismissed claims challenging Pepco's 2003 alcohol testing.  The time has come for the Court to sanction Plaintiff and preclude him from initiating any further litigation against Pepco or its employees or counsel.

Respectfully submitted,


_____/s/_____
Connie N. Bertram (Bar No. 435840)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Jill D. Flack (Bar No. 420020)
Associate General Counsel
Potomac Electric Power Company
701 9th Street, NW
Washington, D.C. 20068
(202) 872-2756
(202) 872-3281 (fax)

Counsel for Defendant

May 13, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May 2008, I caused a true and correct copy of the

foregoing Defendant's Reply Brief in Support of Its Motion for Sanctions to be served by first

class mail, postage prepaid, on the following:

Benjamin Ramey
4251 Clay Street, NE
Washington, DC 20019


<table>
<tr><td align="center">/s/</td></tr>
</table>

Connie N. Bertram

Exhibit A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **BENJAMIN RAMEY,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2008 CA 822** |
| | : | **Judge Motley** |
| **v.** | : | **Calendar 10** |
| | : | |
| **WINSTON & STRAWN, L.L.P. et al** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Upon consideration of Defendants Winston & Strawn and Connie Bertram's Motion to Dismiss, plaintiff's opposition, defendants' reply, plaintiff's surreply, and the entire record herein, this Court hereby grants defendants' Motion.

### I.    BACKGROUND

Plaintiff is a former employee of Potomac Electric Power Company ("PEPCO"). On September 1, 2003, it was discovered that plaintiff was intoxicated while on the job. For reasons related to the September 1, 2003 incident, plaintiff was terminated from his job at PEPCO. Following his termination, plaintiff pursued a number of administrative grievance actions where he challenged the legality of the alcohol test that PEPCO administered, which led to the finding that plaintiff was intoxicated on the job, and his resulting termination. The administrative judge determined that PEPCO's administration of the alcohol test was legal and plaintiff's termination was subsequently upheld. Since the termination, plaintiff has filed a number of civil lawsuits, against PEPCO, and PEPCO's counsel, *inter alia*. Defendant Winston & Strawn ("W&S") has represented PEPCO in the civil lawsuits.

On February 1, 2008, plaintiff filed the instant lawsuit for defamation against Defendant W&S and W&S attorney, Connie Bertram.[1]  According to plaintiff, Defendant Bertram has made and perpetuated false statements about plaintiff during her representation of PEPCO.

On March 3, 2008, defendants filed the instant Motion to Dismiss arguing that this Court should dismiss plaintiff's lawsuit for three reasons.  First, defendants argue that plaintiff failed to properly serve both Defendant W&S and Defendant Bertram.  Second, defendants contend that the alleged defamatory statements were privileged.  Third, defendants argue that plaintiff's defamation action is barred by collateral estoppel.  On March 6, 2008, plaintiff filed an opposition to defendants' motion.  On March 27, 2008, defendants filed a reply to plaintiff's opposition.  On April 9, 2008, plaintiff filed a surreply to defendants' reply.

## II.   LEGAL STANDARD

Dismissal of a complaint is proper only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Atraqchi v. GUMC Unified Billing Services, et al., 788 A.2d 559, 562 (D.C. 2002) (citations omitted).  The facts in the complaint must be viewed in the light most favorable to the plaintiff and taken as true for purposes of the Motion.  Id.

---

[1]  The Complaint is ambiguous with respect to whether plaintiff intended to name Connie Bertram as party defendant.  For purposes of this motion, this Court interprets the complaint as naming Connie Bertram and Winston & Strawn as separate defendants.

### III. ANALYSIS

#### A. Service of Process

##### 1. Defendant W&S

Defendants argue that plaintiff failed to properly serve Defendant W&S. Defendants contend that service of process was insufficient because plaintiff served Ms. Jennifer Aho, a legal assistant at W&S, who was not authorized to accept service of process on behalf of W&S.

Pursuant to Super Ct. Civ. P. Rule 4(h):

> unless otherwise provided by applicable law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which an acknowledgment of service has not been obtained and filed, shall be effected: (1) within the United States in the manner prescribed for individuals by (e)[2] [by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process], or by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process... .

A review of the affidavit of service in the instant case reveals that Ms. Aho accepted service of process at W&S's address. Defendants explicitly state that Ms. Aho was not authorized to accept service on its behalf. The affidavit does not indicate that Ms. Aho identified herself as an agent authorized to receive service of process. Furthermore, plaintiff does not provide any contrary evidence suggesting that Ms. Aho was an authorized agent. Therefore, without more, this Court must conclude that plaintiff failed to properly serve Defendant W&S.

### 2. Defendant Bertram

Defendants also argue that plaintiff failed to properly serve Defendant Bertram. From the Complaint, it is unclear whether Defendant Bertram is a party defendant in the instant lawsuit.[2] Assuming that Defendant Bertram is a party defendant, this Court concludes that service of process was also ineffective as to Defendant Bertram.

Pursuant to Super. Ct. Civ. P. Rule 4(l), "if service is made by a person other than a United States Marshal or Deputy United States Marshal, the person shall make affidavit thereof. Within 60 days of the filing of the complaint, the plaintiff must file either an acknowledgment of service or proof of service of the summons." Super. Ct. Civ. P. Rule 4(m). The docket in the instant case contains one affidavit of service and one proof of service. It is unclear which party the affidavit is meant to reflect service upon. There is a handwritten notation on the affidavit that states that Ms. Aho was served "for Ms. Bertram". Ambiguously, W&S's name and address are also contained on the affidavit. As discussed above, there is no evidence that Ms. Aho was authorized to accept service on behalf of either W&S or Defendant Bertram. Therefore, the affidavit is insufficient.

With respect to the proof of service, the proof of service names W&S, indicating that its purpose is to prove that W&S, not Defendant Bertram had been served. Absent a proper affidavit and proof of service, this Court must conclude that Defendant Bertram has not been properly served.

### B. Judicial Proceeding Privilege

Defendants argue that the statements that plaintiff alleges were defamatory occurred during judicial proceedings and therefore were privileged. This Court agrees with defendants.

---

[2] The complaint asserts that Defendant Bertram made the defamatory statements that form the basis for this civil action. The complaint also names Defendant Bertram in the caption. The complaint, however, does not designate defendant as an individual defendant as required.

4

The District of Columbia has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relation to the proceeding. Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc., 774 A.2d 332, 338 (D.C. 2001).    An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding. Id.  The privilege is absolute rather than qualified and protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity. Id. (internal citations omitted).

In his Complaint, plaintiff recounts defendants' alleged defamatory behavior as occurring in the context of previous judicial proceedings.  Plaintiff states:

> From start until today plaintiff has been demonstrating his innocense [sic] in numerous litigations, but counsel prevailed, even though plaintiff showed proof.  Counsel had first hand knowledge that plaintiff's alcohol test was altered and for that reason, it should have been her responsibility to investigate plaintiffs' [sic] allegations before she continued to defame plaintiffs' [sic] charater [sic], but she chose not to do so, for the best, for her client, Pepco.

Compl. ¶¶ 3-4.  Plaintiff's opposition and surreply fare no better than plaintiff's complaint. Neither the opposition nor surreply identify any statements that defendants made outside of the judicial process that plaintiff considers defamatory.  Under the circumstances, this Court must dismiss plaintiff's defamation action under the judicial privilege doctrine.

## C. Collateral Estoppel

Defendants argue that plaintiff's defamation claim is collateral estoppel. According to defendants, plaintiff has filed eleven separate lawsuits against PEPCO and or its attorneys since the 2003 incident and at least two of plaintiff's prior lawsuits duplicate the claims raised in the instant action.[3]

According to defendants, on March 5, 2007, plaintiff filed <u>Ramey v. Potomac Elec. Power Co.</u>, Civil Action No. 2007 CA 1625, in the District of Columbia Superior Court. In that action, plaintiff named as defendants Defendant Connie Bertram, an attorney at W&S, W&S, and Jill D. Flack, the attorney that represented PEPCO in plaintiff's termination administrative proceedings, *inter alia*. In Count II of that complaint, entitled Falsifying Documents, plaintiff alleged that "the actions taken by defendants constitute falsifying documents against Mr. Ramey because it is blatant that both test forms were fixed to try to mislead anyone, especially the court that Mr. Ramey was intoxicated." Civil Action No. 2007 CA 1625, Compl., at 6. On March 22, 2007, defendants Jill D. Flack, Connie Bertram, and two other defendants, filed a Motion to Dismiss in which they raised the judicial privilege defense with respect to plaintiff's contention that the defendants falsified documents to mislead the court. On May 11, 2007, the Honorable Melvin R. Wright, Associate Judge of the District of Columbia Superior Court, granted defendants' Motion to Dismiss, and dismissed plaintiff's claims against Connie N. Bertram, Jill D. Flack, and the two other defendants (claims against all remaining defendants were later dismissed on June 22, 2008). Defendants allege that the instant case attempts to re-litigate issues that were fully adjudicated in Civil Case No., 2007 CA 1625. This Court agrees.

---

[3] Although defendant argues that two of plaintiff's prior actions are duplicative of the instant action, this Court will only address one of the prior lawsuits because only one duplicative action is necessary for a finding of collateral estoppel.

The general rule of collateral estoppel is when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. <u>Ali Baba Co. v. Wilco, Inc.,</u> 482 A.2d 418, 421 (D.C. 1984). The issue to be concluded must be the same as that involved in the prior action. <u>Id.</u> In the prior action, the issue must have been raised and litigated, and actually adjudged. <u>Id.</u> The issue must have been material and relevant to the disposition of the prior action. <u>Id.</u> The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. <u>Id.</u>

In the instant case, plaintiff claims that defendants have misled the court because defendants were aware that plaintiff's alcohol test had been altered, yet in various prior judicial proceedings continued to argue that plaintiff was intoxicated while on the job. In Civil Action No., 2007 CA 1625, plaintiff alleged that defendants had misled the court through the use of false test documents. Plaintiff's claim of defamation in the instant case is identical to plaintiff's falsification claim in his prior action. The crux of plaintiff's claims in both cases is the legitimacy of the alleged factually flawed alcohol tests that PEPCO used to establish that plaintiff was intoxicated. Judge Wright has already concluded that plaintiff cannot sustain a cause of action based on this allegation. Thus, plaintiff is barred from re-litigating the issue before this Court.

Therefore, for the reasons stated above, this Court concludes plaintiff cannot sustain a cause of action for defamation against defendants.

Accordingly, it is this 30th day of April 2008, hereby

**ORDERED** that defendants' Motion to Dismiss is **GRANTED** and this matter is hereby **DISMISSED** with prejudice.

**SO ORDERED**.

_Thomas J. Motley_

_____

THOMAS J. MOTLEY
Associate Judge

cc:
Connie Bertram, Esq.

Benjamin Ramey
4251 Clay Street, N.E.
Washington, D.C. 20019