IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY,
    PLAINTIFF,

V.                                    No. 07-2132 (RJL)

POTOMAC ELECTRIC POWER
COMPANY,
    DEFENDANT.

PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT'S MOTION FOR NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR SANCTIONS

   PLAINTIFF RESPECTFULLY REQUEST THAT THE COURT DENY DEFENDANT'S MOTION FOR SEVERAL REASONS: (1) DEFENDANT, PEPCO INTENTIONALLY HAD PLAINTIFF'S ALCOHOL TEST ALTERED, (2) COUNSEL REPRESENTED, DEFENDED IN KNOWINGLY THE TEST WAS ALTERED, (3) COUNSEL HAS LIED AND MISLEAD THE COURT THAT THE TEST WAS PROPER AND FOR THOSE REASONS PLAINTIFF'S CHARACTER WAS DEFAMED AS AN ALCOHOLIC.

   1. COUNSEL WANT IT BOTH WAYS TO HER ADVANTAGE FROM THE DISMISSAL ORDER FROM SUP. CT. COUNSEL AND CLIENT NEED TO BE HELD ACCOUNTABLE FOR THEIR OUTRAGEOUS BEHAVIOR OF ALL THE DAMAGE CAUSE TO PLAINTIFF. HOW CAN COUNSEL STARE IN THE MIRROR AND FEEL GOOD ABOUT HERSELF KNOWING THAT SHE COULD HAVE PREVENTED SOMEONE FROM SUFFERING PHYSICALLY, MENTALLY AND FINANCIALLY FOR ALMOST FIVE YEARS.

   2. PLAINTIFF IS FINANCIALLY DESTROYED BY COUNSEL THAT REFUSED TO CONSIDER HIM AS A HUMAN BEING, EVEN AFTER JUDGE RETCHEN DISMISS AND PLACED A PERMANANT GAG ORDER ON HIM FOR EXPOSING THE TRUTH ABOUT PEPCO THAT SHE ACKNOWLEDGED. THE COURT ERRED AND NOW COUNSEL IS SCRAMBLING PRAYING FOR A MIRACLE THAT THIS COURT GRANT A DISMISSAL AND SANCTION PLAINTIFF FOR THE WRONGDOING HER CLIENT INJECTED.

   3. THIS COURT MUST CONSIDER COUNSEL'S OUTRAGEOUS BEHAVIOR IN THE PAST TO PREVAIL. (1) PARTICIPATING IN A SHOUTING MATCH WITH JUDGE GREEN; (2) THE BLACK OUT OF COVER PAGE AND (3) OMITTING EVIDENCE THAT COULD AFFECT THE COURT'S DECISION. AND NOW COUNSEL HAVE THE NERVE TO REQUEST THAT PLAINTIFF BE SANCTIONED AFTER EVIDENCE DICTATES THAT HER CLIENT WAS TOTALLY WRONG.

4. Plaintiff has not lived one day or slept one night without reliving the morning of 2003 when he was accused of being intoxicated and for that reason, with evidence of the test being improper, the court must deny Defendant's motion to dismiss.

5. Counsel's defense lacks evidence in all complaints filed by plaintiff. Lies to cover up the truth and erred rulings are her only defense. Counsel is now attempting to avoid oral argument on the kidnapping for June 17, 2008 by filing for the court to decide. Counsel realize the damage of affect this would have on her client as well as her career. All of the defendants were either terminated, force to retire or relocated. Counsel is exhausted and frustrated from challenging the truth, that is now affecting her judgement. Counsel is now confused and desparte altogether which causes mistakes. In her motion for the court to decide for oral argument on the kidnap, she open up an arguement on the altered test and DOT testing by mention in her motion.

### Conclusion

Plaintiff request that the court grant this motion so defendant can be held accountable to realize that no large corporation is above the law.

### Certificate of Service

I hereby certify that on May 27th 2008 I have caused a true and correct copy of this motion to be served first class postage pre-paid to: Connie Bertren 1700 K St. N.W., Wash. D.C. 20006

Respectfully Submitted,

Benjamin Ramey

BENJAMIN RAMEY
4251 Clay St. N.E.
Washington D.C., 20019