IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENJAMIN F. RAMEY
,PLAINTIFF

V.

No. 07-2132 (RJL)

POTOMAC ELECTRIC POWER
COMPANY, PEPCO,
DEFENDANT.

STATEMENT TO SUPPLEMENT COURT OF APPEALS ,RULING
RELATED SEPARATE CASE

PLAINTIFF WANT TO MAKE THIS COURT AWARE OF OPERATIONS OF COUNSEL OF DEFENDANT IN A RELATED, SEPARATE CASE WHICH JUSTIFY NOT ONLY PLAINTIFFS SOBER CONDITION, BUT COUNSELS OUTRAGEOUS BEHAVIOR AND INCLUDING THE INTENDED CONSPIRACY OF COUNSEL FOR DEFENDANT IN WCH (WORKERS COMPENSATIONS HEARING).

1, WHEN THREE MANAGERS FOR PEPCO (ONE AND PLAINTIFF HAD A FALL OUT MONTHS PRIOR) ACCUSED PLAINTIFF BEING INTOXICATED, THEY HAD TO JUSTIFY, SO PLAINTIFF WAS DETAINED AND TRANSPORTED ALTOGETHER FOR NEARLY 11½ HOURS, WITHOUT ALLOWED TO EAT, DRINK OR RELIEVE HIMSELF.

2. THEIR INTENTIONS WERE TO SET PLAINTIFF UP BY LOCATING A BAT (BREATH ALCOHOL TECHNICIAN) DEPENDABLE. WHY ELSE WOULD BE A REASON TO TRAVEL OVER 20 MILES INTO VIRGINIA, KNOWING THAT BEING OUT THEIR JURISDICTION A BREATH TEST WOULD BE DENIED.

3. THEIR INTENTIONS WAS STALLING FOR TIME UNTIL CONTACT WITH THE BAT, WHO ALSO RESIDED IN VIRGINIA. THAT WAS THE ONLY REASON PLAINTIFF WAS NOT TAKEN BLOCKS AWAY TO POLICE PRECIENT OR HOSPITAL.

4. AFTER TEST WAS ALTERED BY A KNOWINGLY, UNCERTIFIED BAT DISBARRED IN THE DISTRICT, ESPECIALLY DOT TESTING, PEPCO WAS CERTAIN TO FIND CONTRABAND IN THE SEARCH OF PLAINTIFFS VEHICAL, BUT WAS UNSUCCESSFUL IN ADDITIONAL LEVERAGE FOR DISCIPLINE, SO PLAINTIFF WAS FORCED TO ENROLL AND COMPLETE THE MOST STRENUOUS ALCOHOL PROGRAM, AFTER GRADUATE, AMOUG OTHER FIRM ,REQUIREMENTS WOULD INDICATE TERMINATION.

RECEIVED

AUG 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. Do to the tremendous amount of stress burden on Plaintiff knowing that he was conspired against for termination, a mild stroke and doctors order terminated the alcohol program by proper notice. (This Court has H.U. Hospital record).

6. In March 2004, five months after doctors order, in a mediation session with counsel for Pepco, Plaintiff was told to drop grievance and lawsuit for return of employment, but completion of program for four years due to positive alcohol test in program. (Court has letter from Pepco of positive test in program).

7. With no resource or income to hire an attorney, Plaintiff was denied test records from the program and the local rejected Plaintiff's concern.

8. Around July 16, 2004, Plaintiff received letter from Pepco of positive test in program. Plaintiff hired an investigator and his test records were viewed and a letter from the Director of Clinic sent to Investigator of no positive test. (Court has letter).

9. Pepco prevailed in both arbitration hearings. First hearing determined Pepco uses its own policy to test. Court has letter from D.O.T. (Dept. of Trans) stating otherwise). Second hearing determined Plaintiff properly terminated after letter from program presented no positive test (Court has letter).

10. On March 17, 2006, Plaintiff was denied workers compensation because the ALJ (Administer Law Judge) concluded that Plaintiff's intoxication mainly discredits his testimony of events occured, after counsel for Pepco submitted test form of a higher test result as the first (Court has alcohol test altered).

11. Plaintiff appealed to the Court of Appeal in D.C. Superior Court in mid 2006 after also denied by the CRB (Compensation Review Board) for workers compensation.

12. Both the ALJ and CRB determined that no injury occured in relation to Plaintiff even after acknowledging the events taken place.

13. On June 5, 2008 the DCCA (D.C. Court of Appeals) issued their ruling on Plaintiff's appeal to the CRB for vacate and remand (Ref. to Ex.1, Pg.5) and on June 9, 2008 CRB issued notice of remand to parties involved (Refer to Ex.2).

14. Counsel for Pepco was displeased with notice of remand and attempted to urge the CRB to conspire against Plaintiff by disgarding the remand order from DCCA (Refer to Ex.3, Pg.7) In Counsel's response motion to notice of remand. The CRB quotes counsel in its decision and remand order as an attempt to conspire as well (Ex.4).

15. In the DCCA ruling decided May 15, 2008 in McCamey V. D.C. Does (D.C. Dept. of Employ. Service) (Ex.5, Pg.14 clearly states that an employee can not be compensated for injury if proven intoxicated.

16. Plaintiff wants to example the Court of operations by Counsel's (In this Court case as well) the extreme limit they will go to destroy Plaintiff's life. For many years Plaintiff has been paranoid and fearful of the extent Counsel's would go to prevail. Plaintiff pray that this behavior from Counsel is only a common practice to prevail and nothing more.

17. Counsels In This Court Case Will Be Devastated Of This Statement To Supplement, Eventhough Their Way To Prevail Was Anything Other.

18. Plaintiff Have Informed Also Superior Court Judge Natilie Combs-Greene Of The Attempted Conspiracy As Well In Hopes To Further Denial Motions Filed By Defendant, O'Connell, O'Connell + Sarsfield, LLP (Case No. 05-CA 0854B.

## CERTIFICATE OF SERVICE

I, Hereby Certify That On The __18TH__ Day Of Aug. 2008, I Have Caused A True And Correct Copy Of The Statement To Supplement Mailed First Class Postage Pre-Paid To:

Winston + Strawn, LLP
Connie Bertren
1700 K St. N. W.
Wash. D.C., 20006

Respectfully Submitted,

Benjamin F. Ramey

Benjamin F. Ramey
4251 Clay St. N.E.
Wash. D.C., 20019

3

EX. 1

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 06-AA-743

BENJAMIN RAMEY, PETITIONER,

v.

DISTRICT OF COLUMBIA DEPARTMENT
OF EMPLOYMENT SERVICES, RESPONDENT.

POTOMAC ELECTRIC POWER COMPANY, INTERVENOR.

Petition for Review of a Decision of the
District of Columbia Department of Employment Services
(CRB-38-06)

(Submitted June 1, 2007                    Decided June 5, 2008)

Benjamin Ramey, *pro se.*

*Kevin J. O'Connell* was on the brief for intervenor.

*Robert J. Spagnoletti,* Attorney General for the District of Columbia at the time the briefs were filed, *Todd S. Kim,* Solicitor General, and *Edward E. Schwab,* Deputy Solicitor General at the time, filed a statement of respondent in lieu of brief.

Before FARRELL, RUIZ, and THOMPSON, *Associate Judges.*

PER CURIAM: Petitioner filed a claim for workers' compensation arising from work-related events that occurred on August 30, 2003, which he alleged had caused him to develop post-traumatic stress disorder. He sought benefits for temporary total disability from November 3, 2003, to the present and continuing, and payment of medical expenses.

Because the employer (PEPCO) contested the claim, an Administrative Law Judge (ALJ) held an evidentiary hearing, following which she concluded that petitioner's "claim for benefits [was] not compensable, in that [Ramey] did not sustain [an] employment-

2

related *emotional* injury as alleged" (emphasis added).  In so concluding, the ALJ

recognized that "[e]motional injuries resulting from job stress[1] are, in appropriate

circumstances, compensable 'accidental injuries' under the statute[, D.C. Code § 32-1501

(12) (2001)]."    Applying then-prevailing law, however, the ALJ defined those

"circumstances" as follows:

> In order for a claimant to establish that an emotional injury
> arises out of the mental stress or mental stimulus of
> employment, the claimant must show that actual conditions of
> employment, as determined by an objective standard and not
> merely the claimant's subjective perception of his working
> conditions, were the cause of his emotional injury.    The
> objective standard is satisfied where the claimant shows that
> the actual working conditions *could have caused similar
> emotional injury in a person who was not significantly
> predisposed to such injury.*

Compensation Order at 6 (emphasis added).


For this required comparison to a hypothetical "normal employee," *id.*, the ALJ cited

*Landesberg v. District of Columbia Dep't of Employment Servs.*, 794 A.2d 607 (D.C.

2002); *Porter v. District of Columbia Dep't of Employment Servs.*, 625 A.2d 886 (D.C.

1993); *Spartin v. District of Columbia Dep't of Employment Servs.*, 584 A.2d 564 (D.C.

1990); and *Dailey v. 3M Co.*, H & AS No. 85-29 (Final Compensation Order of May 19,

1988).  Applying the cited standard, the ALJ found that "[t]he credible version of the events

---

[1]  As the ALJ found, the events that petitioner alleged had caused him injury were as
follows: "[O]n or about August 31, 2003 . . . he was accused of being intoxicated at work,
[was] constrained to ride . . . to several Virginia medical facilities without being allowed to
eat, drink, or use the restroom, [and] then given a Breathalyzer and urine tests more than
eleven hours after the starting time of his work shift."

3

surrounding [Ramey's] activities on August 30, 2003 does not reflect the presence of stressors which would cause emotional injury to a person not predisposed to such injury."

On petitioner's appeal to the Compensation Review Board (CRB or Board), that body likewise concluded that he had not invoked the presumption of compensability "by showing that a particular incident or situation at work was a significant stressor that could reasonably be expected to affect *a person of ordinary sensibilities* in the same way that it affected the injured worker" (emphasis added), citing *Sturgis v. District of Columbia Dep't of Employment Servs.*, 629 A.2d 547, 552 (D.C. 1993) (in turn citing *Porter* and *Spartin, supra*).

In *McCamey v. District of Columbia Dep't of Employment Servs.*, No. 04-AA-211, 2008 D.C. App. LEXIS 239 (D.C. May 15, 2008) (en banc), however, this court rejected the "person of ordinary sensibilities" standard as one that must be met by a person claiming emotional or psychological injuries caused in part by a predisposition to such injury. We held that, as applied to claims of disability involving psychological injuries that result from accidental physical injuries occurring in the workplace (*i.e.*, the situation presented in *McCamey*), "a so-called objective test or standard . . . requiring [the claimant] to show that an average person not predisposed to such injury would have suffered a similar injury" is "inconsistent with the language of the [Workers' Compensation Act] . . . and is contrary to the purposes underlying the District's workers' compensation laws." *McCamey*, 2008 D.C. App. LEXIS 239, at *23, *63.[2]

---

[2] Although the compensation claim in *McCamey* arose under the District of Columbia Government Comprehensive Merit Personnel Act (CMPA), the court recognized that it and
(continued...)

4

Of particular importance to the present case, moreover, we went on to state that "our analysis in this case necessarily affects the scope of the objective standard in mental-mental cases as well":

> The reason that the objective test is unnecessary in the physical-mental context — that the physical accident supplies the necessary work-connection — flows back to *Dailey*'s conflation of the desire for objective verification of a work-related event with the Director's concern that an employee's predisposition to mental injury would make the determination that the disability was caused by workplace stress more difficult. In some mental-mental claims, this objectively verifiable work connection may be far less apparent; thus, the imposition of a carefully crafted test to establish the necessary connection between mental injury and work may be appropriate for such cases. We do not purport to say here what such a test should be. However, any test that prevents persons predisposed to psychological injury from recovering in all cases is inconsistent with the legislative history and humanitarian purpose of the D.C. WCA and CMPA. Accordingly, if the Board decides that a special test for mental-mental claims remains desirable, it must be one focused purely on verifying the factual reality of stressors in the work-place environment, rather than one requiring the claimant to prove that he or she was not predisposed to psychological injury or illness, or that a hypothetical average or healthy person would have suffered a similar psychological injury, before recovery is authorized.

*Id.* at *61-62 (footnote omitted).

Whether indeed — as appears from the record — the present case concerns a "mental-mental" claim requiring the CRB to come to grips with the issue not decided in

---

[2](...continued)
the Workers' Compensation Act "are conceptually close" and that the differences "do not materially alter the analysis of [a] case involving a psychological injury . . . related to a physical injury suffered in the course of employment." *McCamey*, 2008 D.C. App. LEXIS 239, at * 17, *20.

5

*McCamey* is something we leave for the agency to consider in the first instance.  What is clear is that the decision denying petitioner benefits may not be sustained on the rationale applied by the Board and the ALJ so far, and that the case must be remanded to the CRB for reconsideration in light of *McCamey.*

*Vacated and remanded.*

Ex. 2

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Employment Services**
**Labor Standards Bureau**

Office of Hearings and Adjudication
**COMPENSATION REVIEW BOARD**

★ ★ ★

(202) 671-1394-Voice
(202) 673-6402 - Fax

| | | |
|---|---|---|
| BENJAMIN RAMEY, | ) | |
| | ) | |
| Claimant - Petitioner, | ) | |
| | ) | |
| v. | ) | **CRB No. 06–38** |
| | ) | **AHD No. 05-318** |
| POTOMAC ELECTRIC POWER COMPANY, | ) | **OWC No. 608087** |
| | ) | |
| Employer - Respondent. | ) | |
| | ) | |
| _____ | ) | |

## *NOTICE OF REMAND*

PLEASE TAKE NOTICE: On June 5, 2008 the D.C. Court of Appeals issued an Order in the above referenced matter, *Benjamin Ramey v. District of Columbia Department of Employment Services, et al.*, DCCA Nos. 06--AA-743, remanding the Compensation Review Board's ("CRB") June 14, 2006 Decision and Order to the CRB for further proceedings consistent with the Court of Appeals' decision. Accordingly, the parties are herewith afforded to and including **Tuesday, June 24, 2008**, by which to submit legal memorandum addressing the points of law raised by the Court's decision remanding this matter to the CRB for further proceedings, whereupon this matter will be reassigned to a CRB Review Panel for disposition upon remand.

*Margaret Harkness*
_____
CHIEF CLERK, COMPENSATION REVIEW BOARD

June 9, 2008
_____
DATE

cc:    Chief Administrative Appeals Judge

*Ramey v. Potomac Electric Power Company*
**CRB No. 06-38**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2008 a copy of the foregoing *NOTICE OF REMAND* was mailed, U.S. postage prepaid or as indicated, to the following:

| | |
|---|---|
| Benjamin Ramey<br>4251 Clay St., N.E.<br>Washington DC  20019 | Certified &<br>  Regular Mail |
| Maria Mendoza, Esq.<br>216 G St. N.E. 1st Floor<br>Washington DC  20002 | Regular Mail |
| Kevin J. O'Connell, Esq.<br>O'Connell, O'Connell & Sarsfield<br>401 E Jefferson St., Ste 204<br>Rockfield MD  20850 | Regular Mail |
| Edward E. Schwab Esq.<br>Office of the Attorney General<br>441 4th Street, NW, Ste 1060 North<br>Washington, DC 20001 | Regular Mail |

*Carolyn L. Hanes*

CLERK OF THE BOARD

Ex. 3

GOVERNMENT OF THE DISTRICT OF COLUMBIA
COMPENSATION REVIEW BOARD
DEPARTMENT OF EMPLOYMENT SERVICES
LABOR STANDARDS BUREAU

BENJAMIN RAMEY   :   CRB No.: 06-38

  Claimant    :   AHD No.: 05-318

   v.     :   OWC No.: 608087

PEPCO      :

  Employer/Self-Insurer  :


## SELF-INSURED EMPLOYER'S MEMORANDUM OF POINTS AND AUTHORITIES ADDRESSING ISSUES RAISED ON REMAND AND IN OPPOSITION TO APPLICATION FOR REVIEW


The Self-Insured Employer, Potomac Electric Power Company, (hereafter "PEPCO"), by and through its attorney Kevin J. O'Connell and the law firm of O'Connell, O'Connell & Francuzenko, submits this Memorandum of Points and Authorities Addressing Issues Raised on Remand and in Opposition to Application for Review.


### STATEMENT OF CASE

This case arises out of a workers' compensation claim filed by claimant, Benjamin Ramey (hereafter "Ramey"), pursuant to the provisions of the District of Columbia Workers' Compensation Act, D.C. Code §§ 32-1501, et seq., (hereafter, "the Act"). Ramey filed a claim with the Office of Workers' Compensation (OWC) for emotional distress that he alleged he sustained in connection

1

evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Ferreira v. District of Columbia Dept. of Employment Services</u>, 667 A.2d 310 (D.C.App. 1995). The findings of fact and conclusions of law will be affirmed as long as they are supported by substantial evidence, notwithstanding that there may be contrary evidence in the record. <u>Cruz v. District of Columbia Department of Employment Services</u>, 633 A.2d 66, 70 (D.C. 1993).

## SUMMARY OF ARGUMENT

Since this Board has already found that the ALJ's factual conclusions and credibility determinations are substantially supported by the evidence, the only issue in this matter is whether the ALJ's Order is in accordance with the law in light of <u>McCamey</u>. (CRBO, Pg. 3).

Although the Court of Appeals remanded this case to the CRB for reconsideration in light of its decision in <u>McCamey,</u> this Board should still uphold the ALJ's March 2006 Order denying Ramey benefits as the decision continues to be supported by substantial evidence and continues to be in accordance with the law. The ALJ may have used the objective test in finding that Ramey had to establish that a particular incident or situation at work was a significant stressor that could reasonably be expected to affect a person of ordinary sensibilities in the same way that it affected the injured worker. (CO, Pg. 6). But her use of this test does not make her March 2006 Order contrary to the law or to <u>McCamey</u>.

The key concern that the Court of Appeals identified in <u>McCamey</u> was denial of benefits to individuals who suffered physical injury, were predisposed to psychological conditions, developed a psychological disability and were denied benefits because of their predispositions. <u>See McCamey</u>, 2008 D.C. App. LEXIS 239 at *17-18. Where such predispositions exist, the Office of Hearings and

Compensation Order because it is supported by substantial evidence and is in accordance with the

law.

Respectfully Submitted,

Kevin J. O'Connell
O'Connell, O'Connell & Francuzenko
Suite 204
401 East Jefferson Street
Rockville, Maryland 20850
301-424-2300
Attorney for Self Insured Employer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum of Points and Authorities Addressing Issues Raised on Remand and in Opposition to Application for Review was mailed, postage prepaid, on June 24 , 2008 addressed to:

Benjamin Ramey
4251 Clay Street, NE
Washington, DC 20019

Edward E. Schwab, Esquire
Office of Attorney General
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, DC 20001

Maria Mendoza, Esquire
216 G. St. NE 1st Floor
Washington, D.C. 20002

Kevin J. O'Connell

20

EX. 4

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Department of Employment Services
### Labor Standards Bureau

Office of Hearings and Adjudication
**COMPENSATION REVIEW BOARD**



(202) 671-1394-Voice
(202) 673-6402 - Fax

### CRB No. 06-38

#### BENJAMIN RAMEY,

#### Claimant – Petitioner

#### v.

#### POTOMAC ELECTRIC POWER COMPANY AND CHC,

#### Employer/Carrier – Respondent.

Appeal from a Compensation Order of
Administrative Law Judge Amelia G. Govan
AHD No. 03-035C, OWC No. 576531
UPON REMAND FROM THE D.C. COURT OF APPEALS, NO. 06-AA-743

Benjamin Ramey, for the Petitioner *Pro Se*

Kevin J. O'Connell, Esq., for the Respondent

Before E. COOPER BROWN, *Chief Administrative Appeals Judge*, SHARMAN J. MONROE, and JEFFREY P. RUSSELL, *Administrative Appeals Judges*.

SHARMAN J. MONROE, *Administrative Appeals Judge*, on behalf of the Review Panel:

### DECISION AND REMAND ORDER

#### JURISDICTION

Jurisdiction is conferred upon the Compensation Review Board pursuant to D.C. Official Code §§ 32-1521.01 and 32-1522 (2004), 7 DCMR § 230, and the Department of Employment Services Director's Directive, Administrative Policy Issuance 05-01 (February 5, 2005).

#### OVERVIEW

On March 17, 2006, the Administrative Hearings Division (AHD) of the Office of Hearings and Adjudication (OHA) in the District of Columbia Department of Employment Services (DOES) issued a Compensation Order in this case. In the Compensation Order, the Administrative Law Judge (ALJ) denied workers' compensation benefits to the Claimant-Petitioner (Petitioner) based upon finding the Petitioner did not sustain a psychological injury which arose out of and in the course of his employment. The Petitioner alleged he sustained

carefully crafted test to establish the necessary connection between mental injury and work may be appropriate for such cases. We do not purport to say here what such a test should be. However, any test that prevents persons predisposed to psychological injury from recovering in all cases is inconsistent with the legislative history and humanitarian purpose of the D.C. WCA and CMPA. Accordingly, if the Board decides that a special test for mental-mental claims remains desirable, it must be one focused purely on verifying the factual reality of stressors in the work-place environment, rather than one requiring the claimant to prove that he or she was not predisposed to psychological injury or illness, or that a hypothetical average or healthy person would have suffered a similar psychological injury, before recovery is authorized.

*McCamey,* at 1214.

In its decision, the DCCA indicated this matter was a mental-mental case. Thus, the DCCA remanded this matter for the agency to consider first in light of its holding in *McCamey.  See Ramey v. D.C. Department of Employment Services*, No. 06-AA-743 (June 5, 2008).

On June 9, 2008, the CRB issued an Order directing the parties to submit legal memoranda addressing the points raised in the DCCA's remand by June 24, 2008. The Petitioner filed his memorandum on June 17, 2008. The Respondent filed its memorandum on June 24, 2008.[3]

After review of the parties' arguments on brief and an analysis of the law, the Panel holds in order for an injured worker alleging a mental-mental claim to invoke the statutory presumption of compensability, the injured worker must show a psychological injury and actual workplace conditions or events which could have caused or aggravated the psychological injury. The injured worker's showing must be supported by competent medical evidence. Because this standard was not applied in the March 17, 2006 Compensation Order, this matter is remanded for application of the new standard to the facts of this case.

## ISSUE

The issue on appeal is whether Compensation Order is supported by substantial evidence and is in accordance with the law.

## STANDARD OF REVIEW AND APPLICABLE PRINCIPLES OF LAW

As an initial matter, the standard of review by the Compensation Review Board (CRB) and this Review Panel, as established by the Act and as contained in the governing regulations, is limited to making a determination as to whether the factual findings of the Compensation Order are based upon substantial evidence in the record, and whether the legal conclusions drawn from those facts are in accordance with applicable law. D.C. Official Code § 32-1521.01 (d)(2)(A).

---

[3] Both parties attached exhibits to their respective memoranda. Pursuant to 7 DCMR § 266.1, the CRB's appellate jurisdiction is limited to a review of the record made before AHD or OWC, as applicable. It is not empowered to conduct a *de novo* review of matters appealed to it. Therefore, any exhibits not part of the record made before AHD will not be considered.

the claimant is not required to show unusually stressful conditions as part of the *prima facie* case. *See Sewell, supra.* (citations omitted).

The compensability of a stress or mental-mental claim in the neighboring jurisdictions of Maryland and Virginia is not governed a statutory presumption. Rather, in Maryland, such a claim is compensable if the stress injury results "from some *unusual* strain, exertion or condition in the employment," *Sargent v. Board of Education*, 433 A.2d 1209 (1981)(emphasis in original), and in Virginia if the stress injury is "causally related to a physical injury or to a sudden shock or fright arising in the course of employment." *Owens v. Virginia DOT*, 515 S.E.2d 348 (1999). Given the language of the Act and its humanitarian purposes which includes a liberal construction and the aggravation rule, the Panel rejects the approach used in the neighboring jurisdictions of Maryland and Virginia.

Rather, the Panel determines the approach used under the LHWCA is consistent with the language and purposes of the instant Act. Thus, the Panel holds an injured worker alleging a mental-mental claim invokes the statutory presumption of compensability by showing a psychological injury and actual workplace conditions or events which could have caused or aggravated the psychological injury. The injured worker's showing must be supported by competent medical evidence. The ALJ, in determining whether the injured worker invoked the presumption, must make findings that the workplace conditions or events existed or occurred, and must make findings on credibility. If the presumption is invoked, the burden shifts to the employer to show, through substantial evidence, the psychological injury was not caused or aggravated by workplace conditions or events. If the employer succeeds, the statutory presumption drops out of the case entirely and the burden reverts to the injured worker to prove by a preponderance of the evidence that the workplace conditions or events caused or aggravated the psychological injury.

The Respondent argues the March 17, 2006 Compensation Order is supported by substantial evidence and is in accordance with the law regardless of the DCCA's holding in *McCamey* and asserts the Compensation should be affirmed. However, this matter must be remanded so the ALJ can apply the new standard for a mental-mental claim as articulated herein.

### CONCLUSION

The March 17, 2006 Compensation Order is not supported by substantial evidence and is not in accordance with the law.

## ORDER

The March 17, 2006 Compensation Order is hereby VACATED and this matter is REMANDED.

On remand, the ALJ shall revisit the issues presented for resolution and apply the new standard discussed above. The ALJ shall conduct such further proceedings as may be necessary to properly address the issues presented for resolution.

FOR THE COMPENSATION REVIEW BOARD:

SHARMAN J. MONROE
Administrative Appeals Judge

July 24, 2008
DATE

7

## CERTIFICATE OF SERVICE

I hereby certify that the attached **DECISION AND REMAND ORDER** was mailed, U. S. postage pre-paid, or hand-delivered, as noted, this ___24th__ day of _July_ 2008, to the persons or organizations listed below:

Maria C. Mendoza, Esquire                                    CERTIFIED
216 G Street, N.E.
1st Floor
Washington, D.C. 20002
Cert. No. 7007 2560 0000 7159 7860

Kevin O'Connell, Esquire                                     CERTIFIED
O'Connell, O'Connell & Francuzenko
401 East Jefferson Street
Suite 204
Rockville, Maryland 20850
Cert. No. 7007 2560 0000 7159 7884

Edward E. Schwab, Esquire                                    CERTIFIED
Office of Attorney General
One Judiciary Square
441 – 4th Street, N.W.
6th Floor
Washington, D.C. 20001
Cert. No. 7007 2560 0000 7159 7891

Benjamin Ramey                                               CERTIFIED
4251 Clay Street, N.E.
Washington, D.C. 20019
Cert. No. 7007 2560 0000 7159 7907

Linda F. Jory                                                HAND DELIVERY
Chief Administrative Law Judge
D.C. Department of Employment Services
Administrative Hearings Division
Washington, D.C. 20002

Charles Green, Director                                      HAND DELIVERY
Office of Worker's Compensation
D.C. Department of Employment Services
Washington, D.C. 20002

_Alberta M. Bennett_
Clerk of the Board

Ex. 5

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 04-AA-211

CHARLENE MCCAMEY, PETITIONER,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

Petition for Review of a Decision of the District of Columbia
Department of Employment Services
(Dir. Dkt. No. 10-03)

(Argued en banc November 30, 2006                    Decided May 15, 2008 )

*Julie V. Abizaid*, with whom *David L. Elkind* was on the brief, for petitioner.

*Todd S. Kim*, Solicitor General for the District of Columbia, with whom *Robert J. Spagnoletti*, Attorney General for the District of Columbia at the time the brief was filed, *Edward E. Schwab*, Deputy Solictor General at the time the brief was filed, and *Sheila Kaplan*, Assistant Attorney General, were on the brief, for respondent.

Before WASHINGTON, *Chief Judge*, and FARRELL, RUIZ, REID, GLICKMAN, KRAMER, FISHER, BLACKBURNE-RIGSBY, and THOMPSON, *Associate Judges*.

WASHINGTON, *Chief Judge*: Charlene McCamey petitioned this court to review a decision of the Director of the District of Columbia Department of Employment Services (D.C. DOES) that denied her workers' compensation claim for psychological injuries she alleges resulted from an accidental physical injury suffered in the course of her employment. A three-judge division of this court affirmed the Director's decision, holding that the Director's application of an objective test to workers' compensation claims involving

-14-

Merit Personnel Act"). The CMPA provides for the compensation of disabilities causally

connected to workplace injuries:

> The District of Columbia shall pay compensation
> as specified by this subchapter for the disability or
> death of an employee resulting from personal
> injury sustained while in the performance of his or
> her duty, unless the injury or death is: (1) caused
> by willful misconduct of the employee; (2) caused
> by the employee's intention to bring about the
> injury or death of himself or herself or of another;
> or (3) proximately caused by the intoxication of
> the injured employee.

D.C. Code § 1-623.02.[8]

The two acts are conceptually close, *see District of Columbia v. Thompson*, 570 A.2d

277, 286 (D.C. 1990), *aff'd in relevant part*, 593 A.2d 621, 635-36 (D.C. 1991), and this

court has considered case law under one act to be "informative" as to the other. *See Estate*

*of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621, 631 (D.C. 1995).[9] For example,

---

[8] By contrast, the WCA covers "[t]he injury or death of an employee that occurs in
the District of Columbia if the employee performed work for the employer, at the time of the
injury or death, while in the District of Columbia." D.C. Code § 32-1503 (a)(1).

[9] We note as well that the D.C. Council has amended the CMPA on more than one
occasion to align it more closely with the WCA. *See* REPORT OF THE COUNCIL OF THE
DISTRICT OF COLUMBIA, BILL NO. 8-74, District of Columbia Workers' Compensation Equity
Amendment Act of 1990 (July 6, 1990) [D.C. Law No. 8-198] at 3 (explaining that the
purpose of the Bill "is to amend the District of Columbia Workers' Compensation Act of
1979 ('Act') and title 23 of the District of Columbia Merit Personnel Act of 1978 in order
(continued...)

-48-

Although we defer to an Agency's reasonable interpretation of the statute it is empowered to administer, we cannot defer when the interpretation is inconsistent with the language and purpose of the statute. Because the objective test, as applied to physical-mental claims, is inconsistent with the language of the WCA and the CMPA and is contrary to the purposes underlying the District's workers' compensation laws, it is unreasonable and therefore its use must be overturned. Accordingly, the decision of the Director is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*